J-S34007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KYLE R. GOOSBY | |
| Appellant | No. 1005 WDA 2013 |

Appeal from the PCRA Order May 16, 2013
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0001566-2008

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 06, 2014**

Kyle R. Goosby (Goosby) appeals, *pro se*,[1] from the order entered May 16, 2013, in the Court of Common Pleas of Beaver County, denying him relief on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  Goosby raises four issues in this appeal.  He claims: (1) he was denied his 6th and 14th Amendment rights when he was arraigned and presented with criminal information against him without the benefit of counsel, (2) the PCRA court erred in determining there was no ineffective assistance of counsel where counsel advised him that as part of the guilty plea agreement the Commonwealth would not make a sentencing

_____

[1] Pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), an on the record colloquy was held and Goosby was determined to have knowingly, intelligently and voluntarily fired counsel and decided to proceed *pro se*. **See** Amended Order, December 18, 2913.

recommendation other than the two mandatory minimum sentences, (3), the PCRA court erred in determining there was no ineffective assistance of counsel where counsel did not clarify the terms of the plea agreement by making certain Goosby knew the Commonwealth could make sentencing recommendations, and (4) the PCRA court erred in determining there was no ineffective assistance of counsel where counsel failed to inform him mandatory minimum sentences would be invoked if counsel viewed certain physical evidence. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm on the sound reasoning of the PCRA court.[2]

Briefly, Goosby was arrested after making three sales of cocaine to a confidential informant. A consensual search of the motel room in which Goosby and his girlfriend were living revealed more cocaine, marijuana, several Lorazepam tablets, two oxycodone tablets, one Suboxone tablet, $3,356.00 in cash and a loaded handgun. Following one of the most comprehensive guilty plea colloquies we have reviewed, the trial court accepted the proffered open plea agreement. Sentencing was deferred pending the preparation of a pre-sentence report.

_____

[2] Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Heredia*, 97 A.3d 392, 394 (Pa. Super. 2014).

On June 4, 2009, after hearing testimony from James Farmer, a narcotics agent for the Office of the Pennsylvania Attorney General (on behalf of the Commonwealth), and Goosby and Carol Steel-Smith, director of Treatment for the Beaver County Jail (on behalf of Goosby), and considering the pre-sentence report and argument by counsel, the trial court imposed an aggregate sentence of 8 to 16 years' incarceration to be served consecutive to any Federal sentence Goosby was serving.

Goosby's post-sentence motion to withdraw his guilty plea was denied and counsel failed to file a direct appeal. Goosby was granted *nunc pro tunc* relief, and filed a direct appeal, which afforded him no relief. **See Commonwealth v. Goosby**, 31 A.3d 748 (unpublished memorandum) (Pa. Super. 2011).[3] Goosby's sentence became final 30 days thereafter, July 20, 2011, when the time allowable to seek Pennsylvania Supreme Court review expired. Pursuant to the PCRA, Goosby had until July 20, 2012 to file a PCRA petition.[4] This timely petition was filed on February 28, 2012.[5]

_____

[3] The decision was filed on June 20, 2011.

[4] **See** 42 Pa.C.S. § 9545(b)(1),(3).

[5] The PCRA court incorrectly refers to this as Goosby's second PCRA petition. **See** PCRA Opinion, 5/16/2013, at 1. Where a defendant has been granted *nunc pro tunc* direct appellate relief via the PCRA, such as happened here, the next PCRA petition is considered to be the first PCRA petition, with all attendant rights. **See Commonwealth v. Figueroa**, 29 A.3d 1177 (Pa. Super. 2011). Here, Goosby filed a motion to proceed *pro se* along with the instant petition. Although he was initially allowed to proceed *pro se*, he was subsequently appointed counsel prior to his hearing. After the hearing,
*(Footnote Continued Next Page)*

Initially, we note that Goosby's first issue, regarding his allegation he was arraigned and was presented with the bills of information against him at arraignment without the benefit of counsel, could have been raised on direct appeal, but was not. The PCRA requires issues to be raised at the first opportunity or be considered waived. Because this issue was not raised on direct appeal, when it was first cognizable, the issue has been waived.[6]

Additionally, the issue was not raised in his PCRA petition. Even if it had not been waived for failing to raise the issue on direct appeal, it would be waived for failure to raise the issue before the PCRA court. **See Commonwealth v. Baumhammers**, 92 A.3d 708, 730 (Pa. 2014) (issues not raised before PCRA court cannot be raised for the first time on appeal).

Goosby's remaining three issue were properly preserved and raised before the PCRA court, which cogently discussed the issues in its Pa.R.A.P. 1925(a) opinion, and found no merit to the allegations. Therefore, we rely upon the PCRA court's analysis and determinations in denying Goosby relief, and adopt its opinion as dispositive of the issues raised in this appeal. Essentially, the PCRA court correctly determined Goosby's claims were disproven by a simple review of the notes of testimony from the guilty plea and sentencing hearings. Additionally, any credibility determinations were

*(Footnote Continued)* ─────────────

PCRA counsel subsequently withdrew, and for appeal, counsel was appointed and later withdrew pursuant to **Grazier**, as noted previously.

[6] **See** 42 Pa.C.S. § 9544(b).

- 4 -

based upon testimony from the PCRA hearing of September 24, 2012 and were supported by the record. **See Commonwealth v. Medina**, 92 A.3d 1210, 1214 (Pa. Super. 2014) (The PCRA court's credibility determinations, when supported by the record, are binding on this Court.)

Because the PCRA court's rulings are fully supported by the certified record and we discern no errors of law, we affirm the order denying Goosby relief. The parties are directed to attach a copy of the May 16, 2013, PCRA court's 1925(a) opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/06/2014

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY,
PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA                         :

                                     :       No. 1566 of 2008

      v.                             :

                                     :

KYLE R. GOOSBY                       :

MEMORANDUM OPINION AND ORDER

DOHANICH, J.                                          May 16, 2013

Before the court is the second pro se petition of the defendant, Kyle R. Goosby, (Goosby), filed on February 28, 2012, pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. §9541-9546, inclusive, accompanied by his supporting memorandum of law, in which he alleges as his sole basis for relief the ineffective assistance of trial counsel in connection with the entry of his guilty pleas to various drug- and firearms-related offenses. In his petition, Goosby expressed his desire to proceed pro se without the assistance of counsel. Goosby additionally forwarded to the court pro se correspondence dated May 11, 2012, and received by the court on May 14, 2012, contending that the decision of the United States Supreme Court in *Missouri v. Frye*, 132 S.Ct. 1399 (2012), was applicable due to trial counsel's

failure to inform him that the Commonwealth would invoke mandatory sentence provisions if trial counsel reviewed video and audio records of drug transactions.

On May 4, 2009, pursuant to a negotiated, written plea agreement attached to the Commonwealth's information and executed by Goosby, trial counsel and the deputy attorney general, Goosby entered pleas of guilty to the following 16 counts: Unlawful possession of a firearm, 18 Pa.C.S. §6105(a)(1); criminal use of communication facility, 18 Pa.C.S. §7512; three counts of delivery of cocaine and four counts of possession with intent to deliver cocaine, 35 Pa.C.S. §780-113(a)(30); and, four counts of possession of cocaine, and one count each of possession of oxycodone, suboxone and lorazepam, respectively, 35 Pa.C.S. §780-113(a)(16). The Commonwealth agreed to withdraw one count charging dealing in proceeds of unlawful activity, 18 Pa.C.S. §5111(a)(1). The plea agreement specifically provided that the Commonwealth intended to seek the mandatory sentence of three years pursuant to 18 Pa.C.S. §7508(a)(3)(i), for the sale of two grams of cocaine, and five years pursuant to 42 Pa.C.S. §9712.1, for the possession with intent to deliver 1.8 grams of cocaine while in possession of a loaded firearm as a felon, respectively. The determination as to whether the sentences for the various counts would run concurrent or consecutive to each other, and to Goosby's federal sentence, were all left to the court's discretion. As of the date of the entry

2

of the guilty pleas, Goosby had been sentenced in federal court to imprisonment of 63 months for violating his federal supervision by being charged with the instant offenses. The deputy attorney general recited in open court the terms of the plea agreement, which were confirmed by Goosby's trial counsel. Following an extensive oral colloquy, together with the admission of an executed, written guilty plea colloquy, Goosby entered the guilty pleas in accordance with the plea agreement.

The charges filed against Goosby arose out of his sales of cocaine to a confidential informant on March 4, 2008, of .92 grams, March 13, 2008, of .78 grams, and on March 20, 2008, of 2 grams, and the execution of a search warrant on April 18, 2008, all of which occurred in Room No. 208 of the The Inn Forza Motel occupied by Goosby and located at 1525 Old Brodhead Road in Center Township, Beaver County, Pennsylvania.

Following a preliminary hearing on May 27, 2008, at which the defendant was represented by Steven D. Colafella, Esquire, all the charges were held for court. The Commonwealth approved an information containing all of the above enumerated charges on July 28, 2008. The defendant subsequently retained Dennis P. Zawacki, Esquire (trial counsel), who entered his appearance on December 16, 2008. Goosby subsequently filed a motion to suppress statements and physical

3

evidence, which was denied by memorandum opinion and order of the Honorable Richard Mancini on March 12, 2009, after a hearing. Goosby's case was scheduled for trial on May 4, 2009.

After entry of the guilty pleas, the court directed that a pre-sentence report be prepared and scheduled a sentence hearing for June 4, 2009, at which time testimony was presented by both parties. The Commonwealth announced at the commencement of the plea proceedings on May 4, 2009, and filed written notice on May 8, 2009, that it intended to seek the two mandatory sentence provisions. At the sentence hearing on June 4, 2009, the Commonwealth submitted evidence in support of the mandatory sentences which were being requested and urged the court to impose consecutive sentences on each of the 16 counts for a total term of imprisonment of not less than 20 years nor more than 40 years. Goosby presented mitigation testimony by way of the director of treatment at the Beaver County Jail indicating that Goosby's behavior while incarcerated had been exemplary and that he had participated in various programs offered to inmates. At the close of testimony and arguments of counsel, the court imposed a sentence of not than five years nor more than ten years on the charge of possession with intent to deliver cocaine at the time that he was in possession or control of a firearm pursuant to 42 Pa.C.S. §9712.1, to run consecutive to the federal sentence that Goosby was then

4

serving. On the charge of delivery of two grams of cocaine, the court imposed a fine of $10,000 and imprisonment for not less than three years nor more than six years to run consecutive to the sentence on the drugs/firearm count, in accordance with the mandatory sentence provisions of 18 Pa.C.S. §7508(a)(3)(i), as Goosby had previously been convicted of possession with intent to deliver a controlled substance. The court imposed sentences on the remaining counts to run concurrent with the above five-year mandatory sentence and/or imposed no further penalty. The aggregate sentence was therefore imprisonment of not less than eight years nor more than 16 years.

Following the sentence hearing, Goosby sent pro se correspondence to the Clerk of Courts on June 11, 2009, expressing his desire to withdraw his guilty pleas, alleging (1) ineffective assistance of counsel, (2) that he was not duly sworn prior to entry of the guilty pleas, (3) the rules of evidence, and (4) that he was innocent. Trial counsel filed a post-sentence motion to withdraw guilty pleas on June 16, 2009, asserting that the Commonwealth violated the plea agreement by requesting the court to impose consecutive sentences of imprisonment aggregating not less than 20 years nor more than 40 years, and that the defendant was not duly sworn at the time the guilty pleas were entered. The court denied Goosby's motion to withdraw his guilty pleas on June 29, 2009. Trial counsel was granted leave to

5

withdraw from representation on the same day. No appeal was filed from the court's denial of Goosby's request to withdraw the guilty pleas, nor from the judgment of sentences imposed.

Goosby filed his first pro se PCRA petition on November 30, 2009, wherein he claimed that trial counsel was ineffective for having failed to file a direct appeal on his behalf or a request that the court appoint appellate counsel to do so. By order entered December 11, 2009, the court granted Goosby's pro se PCRA petition, appointed the Beaver County Public Defender's Office to represent Goosby to pursue his appeal, and granted leave to file a notice of appeal within 30 days. Goosby, through appellate counsel, Dirk A. Goodwald, Esquire, of the Public Defender's Office, filed a notice of appeal on January 11, 2010. The court, on January 21, 2010, directed Goosby to file a concise statement of errors complained of on appeal to which he complied on February 22, 2010.

As a result of Goosby's petition to dismiss counsel and proceed pro se on appeal filed on April 30, 2010, the Superior Court, by order of May 11, 2010, directed the trial court to conduct a colloquy of Goosby to determine whether his request to proceed pro se was knowing, voluntary and intelligent, pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). Following a hearing on June 4, 2010, at which a colloquy of Goosby was administered, the court determined

6

that Goosby's request to proceed on appeal, pro se, was knowing, voluntary and intelligent, and by order of June 7, 2010, granted Goosby's petition to dismiss counsel and proceed pro se on appeal. The court further granted Goosby leave to file a supplemental pro se concise statement of errors complained of on appeal, to which he complied.

Goosby's initial counseled concise statement alleged solely that he lacked a complete understanding of the plea and sentence options and failed to comprehend the magnitude and severity of the possible sentence, and therefore, his pleas were not knowing, voluntary and intelligent, entitling him to withdraw the guilty pleas. In its opinion issued May 21, 2010, pursuant to Pennsylvania Rule of Appellate Procedure No. 1925(a), 42 Pa.C.S., the court rejected Goosby's argument ruling that his pleas were knowingly, voluntarily and intelligently made. In response to Goosby's pro se supplemental concise statement in which he alleged that the Commonwealth violated the terms of the plea agreement in recommending consecutive sentences, and that Goosby be sentenced to consecutive terms of imprisonment on each count to total not less than 20 years nor more than 40 years, the court filed a supplemental opinion dated August 6, 2010, in which the court determined that the Commonwealth had not violated the plea agreement.

7

In its non-precedential decision filed on June 20, 2011, at No. 98 WDA 2010, the Superior Court affirmed the judgment of sentences adopting the trial court's reasoning that the Commonwealth did not violate the terms of the plea agreement by recommending consecutive sentences on each count totaling imprisonment of not less than 20 years nor more than 40 years. Goosby's request for re-argument and/or reconsideration filed on July 1, 2011, was denied by the Superior Court on August 28, 2011.

Goosby's instant PCRA petition couches his previously rejected arguments by alleging trial counsel's ineffectiveness for the following reasons:

A. THAT GUILTY PLEA COUNSEL IS INEFFECTIVE FOR ERRONEOUSLY ADVISING THE PETITIONER THAT THE COURT WOULD NOT SENTENCE HIM TO NO MORE THAN FIVE TO TEN YEARS IN PRISON WHERE SAID ADVICE ENTICED THE PETITIONER TO PLEAD GUILTY;

B. THAT PLEA COUNSEL IS INEFFECTIVE FOR ERRONEOUSLY ADVISING PETITIONER THAT AS PART OF THE PLEA AGREEMENT, THE COMMONWEALTH WOULD NOT MAKE ANY SENTENCING RECOMMENDATIONS EXCEPT FOR TWO MANDATORY MINIMUM SENTENCES ON TWO COUNTS WHERE SAID ADVICE ENTICED THE PETITIONER TO PLEAD GUILTY;

C. THAT PLEA COUNSEL IS INEFFECTIVE WHEN HE FAILED TO TIMELY COMMUNICATE TO THE PETITIONER BEFORE HE LOOKED AT SURVEILLANCE TAPES THAT THE COMMONWEALTH THREATENED TO INVOKE MANDATORY MINIMUM SENTENCES AGAINST PETITIONER IF COUNSEL CHOSE TO VIEW THE TAPES; AND

8

D. THAT PLEA COUNSEL IS INEFFECTIVE WHEN HE FAILED TO ADEQUATELY CLARIFY THE TERMS OF THE WRITTEN PLEA AGREEMENT, WHERE SAID FAILURE CAUSED THE PETITIONER TO PLEAD GUILTY.

The PCRA hearing was initially scheduled for June 28, 2012, was rescheduled to August 2, 2012, and at the request of Goosby, was continued to September 24, 2012. Prior to the scheduled hearing, Goosby retained the services of Gerald V. Benyo, Esquire, who entered his appearance on September 21, 2012. The PCRA hearing was conducted as scheduled, at which time the parties appeared and presented evidence and arguments in support of their respective positions.

The PCRA, 42 Pa.C.S. §9543, requires that in order to be eligible for relief when alleging ineffective assistance of counsel, the defendant must plead and prove by the preponderance of the evidence that the conviction or sentence resulted from the following:

> (a)(2)(ii) – Ineffective assistance of counsel which, in the circumstances of the particular case, so undermine the truth determining process that no reliable adjudication of guilt or innocence could have taken place.

Trial counsel is presumed to be effective, and the defendant has the burden of proving otherwise. *Commonwealth v. Rios*, 591 Pa. 583, 599, 920 A.2d 790, 799 (2007). The above provision of the PCRA requires that the defendant establish (1) that the underlying claim has arguable merit; (2) that counsel had no reasonable

9

strategic basis for his action or his inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). The defendant's failure to satisfy any of the above requirements will cause the entire claim to fail. *Commonwealth v. Bridges*, 584 Pa. 589, 595, 886 A.2d 1127, 1131 (2005). In *Commonwealth v. Hickman*, 799 A.2d 136 (Pa.Super. 2002), the court set forth the standard to be utilized when a claim of ineffective assistance of counsel is made resulting from plea proceedings, as follows:

> A criminal defendant has the right to effective counsel during a plea process as well as during a trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582 (1999). Where the defendant enters his plea on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " *Hill*, 474 U.S. at 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (*quoting McMann v Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *See also Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (holding that a defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.").

10

The *Hickman* court further noted that the defendant was required to show that counsel's advice was prejudicial. To demonstrate prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pled guilty and would have gone to trial, citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The reasonable probability test is not a stringent one and is less demanding than the preponderance standard, citing *Nix v. Whiteside*, 475 U.S. 157, 175, 106 S.Ct. 988, 89 L.Ed.2d (1986).

To determine the voluntariness of a plea and whether the defendant acted knowingly and intelligently in entering the plea, the trial court must, at a minimum, inquire into the following areas: whether the defendant understands the nature of the charges to which he is pleading guilty; whether there is a factual basis for the plea; whether the defendant understands that he has the right to a jury trial; whether the defendant understands that he is presumed innocent; whether the defendant is aware of the permissible ranges of sentences and/or fines for the offenses charged; and whether the defendant is aware that the judge is not bound by the terms of any plea agreement. *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977), and *Commonwealth v. Bilbeck*, 466 Pa. 543, 353 A.2d 824 (1976); Rule 590 of the Pennsylvania Rules of Criminal Procedure, 42 Pa.C.S. A

11

review of the plea hearing record discloses that the defendant was informed of all of the above requirements in the written plea colloquy form and on the record.

Goosby first argues that trial counsel informed him that he would receive a sentence of not less than five years nor more than ten years, which led him to enter the guilty pleas. Trial counsel, Attorney Zawacki, was called as a witness by Goosby at the PCRA hearing and related that he has 34-years' experience as a criminal defense attorney frequently representing persons accused of drug offenses. After being retained by Goosby, trial counsel entered his appearance on December 16, 2008, and continued to represent Goosby through June 25, 2009, when he requested and was granted leave to withdraw. Trial counsel advised that during his representation of Goosby he spoke with him on numerous occasions, both on the telephone and in person at the Beaver County Jail, and obtained discovery from the Commonwealth which he shared with Goosby. Trial counsel explained that the notion of a sentence of not less than five years nor more than ten years to run concurrent with his federal sentence was initiated by Goosby as one that trial counsel should pursue with the Attorney General's Office, because, if accepted, he would not be required to serve any additional period of incarceration. Trial counsel testified that he made several attempts to negotiate a plea agreement consisting of the terms outlined by Goosby, both before and after the suppression

12

hearing, but the deputy attorney general rejected Goosby's offer as being too lenient in light of Goosby's prior criminal record and the seriousness of the current offenses. Upon the court's denial of Goosby's suppression motion, trial counsel recommended that Goosby enter an open plea in the hope that the desired sentence could be accomplished at the sentence hearing through presentation of testimony and argument. Trial counsel, however, did not advise Goosby that there was a certain sentence that he would receive nor was there a guarantee or understanding that he would receive any particular sentence, and indicated to Goosby that the sentence was totally within the discretion of the court. In addition, trial counsel stated that he would never provide an opinion to a client that a certain sentence would be imposed in connection with an open plea and that he did not do so with Goosby.

Goosby, on the other hand, denied ever seeking a sentence of not less than five years nor more than ten years, and testified that he instructed trial counsel to discuss with the deputy attorney general a minimum sentence in the range of two to three years. Goosby further stated that trial counsel advised him that the Commonwealth was offering a sentence of not less than five years nor more than ten years, evidence of which is totally absent from either trial counsel or the Commonwealth.

13

A review of the record of Goosby's plea hearing of May 4, 2009, reveals that the deputy attorney general specifically outlined the terms of the plea agreement, including that Goosby was to enter open pleas to 16 counts, that the Commonwealth was seeking the two mandatory sentences of five years and three years, respectively, and that whether the sentences would run consecutive to or concurrent with each other or Goosby's federal sentence was completely within the court's discretion. (Plea Hearing, 5/4/09, (P.H.), pages 2-5). Trial counsel confirmed the terms and conditions of the plea agreement. (P.H., page 5). The plea agreement was reduced to writing, executed by the defendant, trial counsel and the deputy attorney general, and attached to the Commonwealth's information. (P.H., page 15). Goosby indicated that he understood that the court had the discretion to impose whatever sentence the court deemed appropriate, and that there was no understanding other than the terms outlined by the deputy attorney general. (P.H., pages 8-9). On two separate occasions in answers to trial counsel's questioning, Goosby testified that no promises nor inducements were made to him to encourage him to plead guilty, or that he expected a particular sentencing outcome. (P.H., pages 9, 14). Goosby completed and executed a written guilty plea colloquy in which Goosby reconfirmed that no promises were made to him other than the stated plea agreement. (P.H., page 12). Moreover, the court

14

questioned Goosby as to whether any promises had been made to him for him to enter his guilty pleas, to which he responded in the negative. (P.H., page 23). The court also informed Goosby that if the mandatory sentences were to run consecutive to one another, he could be facing a minimum period of incarceration of eight years (P.H., page 25), and that there was no guarantee as to a particular sentence. (P.H., page 31). Goosby acknowledged that he had ample opportunity to review the case with trial counsel and was satisfied with his representation. (P.H., page 24).

The above facts of record belie Goosby's testimony that trial counsel informed him that the sentence would not be in excess of not less than five years nor more than ten years and lends further credence to experienced trial counsel's testimony that he advised Goosby that Goosby's desired result could not be achieved, and that entering open pleas and presenting supporting testimony at the time of sentencing in hopes of obtaining the sentence he was seeking would be the best alternative. Additionally, at the time of sentencing, Goosby presented a prison representative detailing his good behavior and participation in various programs while incarcerated. Trial counsel also argued on behalf of Goosby at sentencing that, although the court had discretion in the manner of imposing sentence, the testimony justified imposition of concurrent sentences in the mitigated range.

15

The court further takes note that Goosby was not a stranger to the criminal justice system. The pre-sentence report prepared by the Beaver County Adult Probation Office includes the following criminal history of Goosby: In 1993, he was adjudicated as a juvenile on the charges of possession and distribution of cocaine. On January 22, 1996, Goosby was sentenced to two years' probation for a guilty plea to terroristic threats. After being charged with attempted homicide, aggravated assault, recklessly endangering another person and terroristic threats on June 5, 1996, he was convicted by a jury of recklessly endangering another person and terroristic threats, for which he was sentenced on January 27, 1997, to an aggregated sentence of not less than two and one-half years nor more than five years. In May 1998, the case was remanded following which Goosby received an aggregated sentence of seven years' probation, which he subsequently violated on two separate occasions in 1998 and for which he was sentenced to periods of incarceration. While on probation, Goosby entered a plea of guilty to possession with intent to deliver a controlled substance on August 7, 2000, and was sentenced to imprisonment of not less than 11-1/2 months to not more than 23 months. Goosby pled guilty on November 6, 2002, to person not to carry a firearm and received a sentence of two years' probation. On January 22, 2004, he pled guilty to firearms not to be carried without a license and was sentenced in federal court to

16

incarceration for 188 months followed by five years of supervised release. Goosby was serving the supervised release portion of his federal sentence when the instant charges were filed, resulting in a violation and subsequent sentence of imprisonment of 63 months. The pre-sentence report was admitted without objection at the sentence hearing.

Upon the court's review of Goosby's pro se pleadings as well as observations by the court of Goosby testifying at the plea hearing, the sentence hearing and the PCRA hearing, Goosby demonstrated above average intelligence. Also of significance is Goosby's statement at the PCRA hearing that he never intended to go to trial and informed trial counsel that trial was to be avoided at all costs. In addition, between the date of the pleas and the date of sentence, a period of 30 days, Goosby, with full knowledge of the plea agreement, including that the Commonwealth had invoked two mandatory sentence provisions, took no action to withdraw his pleas.

Based on the foregoing, the court concludes that trial counsel did not inform Goosby that he would receive a certain sentence, that trial counsel took the steps necessary to achieve the best result for his client, that Goosby was well aware of the possible consequences of his pleas and is simply unsatisfied with the sentences imposed by the court, since he was unable to achieve his goal of sentences running

17

concurrent with his federal sentence so as to avoid additional periods of incarceration. The law, however, does not require that a defendant be pleased with the results of the decision to enter a guilty plea; rather, all that is required is that the defendant's decision to plead guilty be knowingly, voluntarily and intelligently made. *Commonwealth v. Brown*, 48 A.3d 1275, 1276 (Pa.Super. 2012). Furthermore, a defendant is bound by the statements made during the plea colloquy and may not later offer reasons for withdrawing the plea that contradict statements made when he pled. *Id*. The court finds that trial counsel informed Goosby of the meaning and resultant consequences of his pleas and that Goosby fully understood the plea agreement and the potential sentences that could be imposed, and therefore, trial counsel was not ineffective.

Goosby secondly argues that trial counsel was ineffective in advising him that the Commonwealth would not make any recommendation at time of sentencing except for requesting the two mandatory sentences. At the PCRA hearing, trial counsel indicated that his understanding through discussions with the deputy attorney general on the morning of the sentence hearing was that the Commonwealth would not make a recommendation to the court for a particular sentence, and that when the deputy attorney general made a recommendation for consecutive sentences for each count totaling an aggregate of not less than 20 years

18

nor more than 40 years, trial counsel was completely surprised. In response to the deputy attorney general's recommendation, trial counsel made no objection; however, he argued that this was not an appropriate case for such a lengthy sentence. Subsequently, trial counsel filed a post-sentence motion prior to withdrawing from the case in which he asserted that the Commonwealth had violated the plea agreement by requesting the court to impose such a sentence. Trial counsel conceded that he did not inform Goosby that the Commonwealth would be requesting sentences aggregating imprisonment of not less than 20 years nor more than 40 years because, based upon his previous discussions with the deputy attorney general, he did not expect that such a recommendation would be made and trial counsel informed Goosby that the Commonwealth would remain silent regarding any sentence recommendation. In reviewing the record of the sentence hearing, neither trial counsel nor the Commonwealth advised the court that the plea agreement had been amended to provide that the Commonwealth would be making no recommendation as to sentence. Trial counsel made no objection to the Commonwealth's sentence recommendation but did argue that such a recommendation was not appropriate in the circumstances of the case and that mitigated and concurrent sentences were justified. In *Commonwealth v.*

19

*Anderson*, 995 A.2d 1184, 1191 (Pa.Super. 2010), the court summarized the principles applicable to plea agreements, as follows:

> 'Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement.' *Parsons*, supra at 1268. Likewise,
>
> There is an affirmative duty on the part of the prosecutor to honor any and all promises made in exchange for a defendant's plea. Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury. *Commonwealth v. Fruehan*, 384 Pa.Super. 156, 557 A.2d 1093, 1094 (1989) (quoting *Commonwealth v. Zuber*, 466 Pa. 453, 458-59, 353 A.2d 441, 444 (1976).
>
> Although a defendant has no constitutional right to have an executory plea agreement specifically enforced, once a plea actually is entered, and was induced by a prosecutor's promise to abstain from making a sentencing recommendation, that promise must be fulfilled. In determining whether a particular plea agreement has been breached, we look to what the parties to this plea agreement reasonably understood to be the terms of the agreement. *Fruehan*, supra at 1094-95 (internal citations and quotation marks omitted). Where the Commonwealth violates a term of the plea agreement, the defendant is entitled to receive the benefit of the bargain. *Commonwealth v. Potosnak*, 289 Pa.Super. 115, 432 A.2d 1078, 1081 (1981).
>
> Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. Furthermore, disputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based

20

upon the totality of the surrounding circumstances and involves a case-by-case adjudication. *Kroh*, supra at 1172.

Where the Commonwealth has agreed pursuant to a plea agreement to make no recommendation as to sentence, but nevertheless recommends a period of incarceration, a breach of the plea agreement has occurred. ***Commonwealth v. Martinez***, 372 Pa.Super. 202, 211, 539 A.2d 399, 404 (1988). Both this court and the Superior Court have previously determined that since the plea agreement did not specifically prohibit the Commonwealth from making a recommendation as to sentence, the prosecution did not violate the terms of the plea agreement. Despite the Commonwealth's recommendation, the court imposed the two mandatory sentences in accordance with the plea agreement, running them consecutive to one another and consecutive to Goosby's federal sentence pursuant to the discretion outlined in the plea agreement, and running all of the other sentences concurrent with the mandatory sentences or imposing no further penalty. In view of the defendant's statement that his intention was to avoid a trial at all costs, he has failed to demonstrate that but for his alleged lack of knowledge of the Commonwealth's recommendation, he would not have entered the pleas and would have gone to trial. The defendant has thus failed to establish any prejudice resulting from the Commonwealth's recommendation at the time of sentence.

21

Goosby next faults trial counsel with failing to inform him prior to viewing certain Commonwealth surveillance tapes and that such action would result in the deputy attorney general invoking the mandatory minimum sentences. Trial counsel attempted to obtain a continuance of the trial date at Goosby's request in an effort to hold out for a more favorable plea agreement. As a justification for the continuance, trial counsel indicated that more time was required in order to view video footage and listen to audio recordings which the Commonwealth had taken during Goosby's sales of drugs. The court denied the request for continuance. Trial counsel, at the PCRA hearing, indicated that Goosby was informed that the court had denied the continuance and that he intended to meet with the deputy attorney general to view the video and listen to the audio, but that the Commonwealth would then intend to seek the mandatory sentences. Trial counsel, however, testified further that the Commonwealth had insisted from the commencement of his involvement in the case that the mandatory sentences would be sought because of the nature of the charges, that Goosby was aware of the Commonwealth's intentions, and that Goosby expressed no concern regarding the imposition of the mandatory sentences due to his belief that the court would not impose consecutive mandatory sentences. Goosby denied ever being told by trial counsel that the Commonwealth would seek the mandatory sentences if the audio

22

and video tapes were reviewed. Goosby further indicated that he was told by trial counsel that the Commonwealth's original plea agreement for incarceration of not less than five years nor more than ten years was thus increased to not less than eight years nor more than 16 years as the result of trial counsel reviewing the video and audio tapes. Goosby's testimony is completely contrary to the written plea agreement, the plea proceedings and trial counsel's testimony that Goosby was aware from early in the proceedings that the Commonwealth intended to invoke the mandatory sentences. At no time on the record was there ever an indication of a specific sentence that had been discussed or agreed to by the deputy attorney general, trial counsel and Goosby, and no information was placed on record regarding trial counsel's examination of the evidence causing the Commonwealth to invoke the mandatory sentences. This claim thus fails to establish ineffective assistance of counsel and is rejected.

Goosby's final argument alleges that trial counsel was ineffective in failing to adequately clarify the terms of the written plea agreement with respect to whether the Commonwealth would be making a recommendation, other than invoking the mandatory sentences. Goosby claims the plea agreement was ambiguous as written with respect to whether the Commonwealth would make a sentence recommendation in addition to the imposition of the mandatory sentences.

23

The following language in **_Commonwealth v. Kroh_**, 440 Pa.Super. 1, 9-10, 654

A.2d 1168, 1172 (1995), is particularly instructive:

> When determining precisely what the terms of a plea agreement were, we are guided by the analysis concisely set forth in *United States v. Hall*, 730 F.Supp. 646, 650 (M.D.Pa. 1990):
>
> Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. *United States v. Moscahlaidis*, 868 F.2d 1357, 1361 (3d Cir. 1989). Furthermore, disputes over any particular term of a plea agreement must be resolved by objective standards. *United States v. Nelson*, 837 F.2d 1519, 1522 (11th Cir.), rehearing denied 845 F.2d 1032 (1988); see also *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985) cert. denied 479 U.S. 835, 107 S.Ct. 131, 93 L.Ed.2d 75 (1986). A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication. *United States v. Grant*, 622 F.2d 308, 312 (8th Cir. 1980).
>
> Any ambiguities in the terms of the plea agreement will be construed against the Government. *United States v. Crusco*, 536 F.2d (21) at 25 (3d Cir. 1976). Nevertheless, the agreement itself controls where its language sets out the terms of the bargain with specificity. See *United States v. Krasn*, 614 F.2d 1229, 1233 (9th Cir. 1980).

The court finds no ambiguity in the terms and conditions of the plea agreement as written and orally stated on the record. Despite trial counsel's expression of surprise at the Commonwealth's recommendation at the time of sentence, neither he nor the deputy attorney general indicated to the court that such a recommendation was contrary to the plea agreement or that discussions had taken place by which the Commonwealth would remain silent regarding the sentence.

24

The plea agreement clearly does not prohibit the Commonwealth from making a sentence recommendation. The record is devoid of any indication to the contrary. The Commonwealth did not violate the terms of the plea agreement and trial counsel was not ineffective for failure to clarify an unambiguous plea agreement.

In light of the court's finding of the absence of support for Goosby's allegation of the failure of trial counsel to inform him of the Commonwealth's intention to invoke the two mandatory sentences, the court determines that Goosby's argument for the applicability of *Missouri v. Frye*, supra, is rejected.

Based on the foregoing, the court enters the attached order:

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY,
PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF        :
PENNSYLVANIA             :
                            :     No. 1566 of 2008
    v.                     :
                            :
KYLE R. GOOSBY          :

ORDER

DOHANICH, J.

AND NOW, this 16th day of May, 2013, upon consideration of the defendant's pro se petition for post-conviction collateral relief and after hearing thereon, IT IS HEREBY ORDERED AND DIRECTED that the defendant's petition is denied.

BY THE COURT:

_____ J.

JOHN P. DOHANICH
JUDGE

2013 MAY 16 P 3: 33

BY THE COURT