COMMONWEALTH of Pennsylvania,
Appellee

v.

Josue Rosario FIGUEROA, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 15, 2011.

Filed Oct. 3, 2011.

Josue R. Figueroa, appellant, pro se.

James B. Martin, Assistant District Attorney, Allentown, for Commonwealth, appellee.

BEFORE: BOWES, SHOGAN, and FREEDBERG, JJ.

OPINION BY BOWES, J.:

Josue Rosario Figueroa appeals from the order entered December 8, 2010 denying his PCRA petition challenging his 1988 rape conviction. Finding that the PCRA court erred in treating Appellant's petition as a second petition and therefore failed to appoint counsel, we remand for a *Grazier*[1] hearing to ensure that an on-the-record colloquy is conducted to confirm Appellant's desire to proceed *pro se*.

The history of this case is long and complex, but a recitation of that background is beneficial to understand how the matter has arrived in its present state. The Commonwealth charged Appellant with rape, involuntary deviate sexual intercourse, indecent assault, and corruption of a minor. The charges stemmed from a May 10, 1987 incident involving a then-

1. *Commonwealth v. Grazier,* 552 Pa. 9, 713 A.2d 81 (1998).

sixteen-year-old female friend of Appellant's daughter.

Appellant, at approximately 10:30 p.m. on the date in question, asked the victim if she would like to drive his vehicle. The victim agreed and entered Appellant's car. Appellant then drove the vehicle to purchase beer and gas before permitting the victim to drive. The victim proceeded to drive the vehicle. She eventually pulled the car over to allow Appellant to resume driving. Appellant and the victim exchanged seats and Appellant informed the victim that he deserved a favor for allowing her to drive. He then placed his hand on her breast. The victim exited the automobile but Appellant pursued her on foot. After catching the victim by seizing her jacket and hair, he forced her into a wooded area. Appellant pushed the victim onto the ground, struck her twice, and removed her shirt and bra. Appellant next attempted to strip the victim of her shorts. She persuaded him to let her remove them and tried to escape. However, Appellant seized her by her ankles and brought her to the ground again. Appellant then successfully forced off the victim's shorts, although she attempted to strike him with a rock. Appellant took the rock, slapped the victim, and threatened to kill her.

Thereafter, Appellant began to kiss and bite the victim on both her face and breasts before vaginally raping her multiple times. In addition, Appellant forced the victim to perform oral sex. Finally, he attempted to anally rape the young woman. This attempt was only averted because a motorist and his father approached to investigate the stopped vehicle. The motorist owned an adjacent property that consisted of a salvage yard and his home.

He saw Appellant's car parked from his home and was concerned that someone was attempting to steal from the salvage yard.

When the motorist and his father approached Appellant's car, the victim was able to run naked through the wooded area back to the road. Appellant fled the scene in his vehicle while the victim ran down the road. She eventually jumped onto the motorist's car, grabbing hold of its windshield wipers as he pursued Appellant. The driver drove the victim to his home and his wife summoned police and an ambulance. He then attempted to follow Appellant and force him off the road but Appellant was able to escape. The victim was transported to Allentown Hospital where Dr. James F. Guenther examined her. He found a bruise on her left cheek and eye. Fresh bite marks were located on her left breast and there was bruising and an abrasion on her right breast. The victim's back and upper buttocks also were scratched and had abrasions and the doctor removed small stones imbedded in her back. He also found whitish fluid along her pubic area. No sperm was located within the victim's vagina. At the time of the attack, Appellant was on parole.

A jury convicted Appellant of the aforementioned charges on July 18, 1988. Before sentencing, trial counsel filed post-trial motions. Appellant also submitted *pro se* motions, one of which alleged the ineffectiveness of trial counsel.[2] As a result of Appellant's ineffective assistance of counsel claim, the court appointed substitute counsel. Somewhat confusingly, two different judges issued separate orders appointing different counsel. Neither attorney took action for over four years and the

---

**2.** Since counsel represented Appellant, the *pro se* motions were legal nullities. *See Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa.Super.2007) ("Appellant had no right to file a *pro se* motion because he was represented by counsel. This means that his *pro se* post-sentence motion was a nullity, having no legal effect.") (citations omitted).

court appointed yet another lawyer. The original trial judge passed away and a new judge denied the post-verdict motions. On January 25, 1993, the court sentenced Appellant to twelve and one-half to twenty-five years imprisonment. Although represented by counsel, Appellant filed his own *pro se* appeal four days later. Appellant's then-counsel withdrew on March 22, 1993, and the court appointed a new counselor. That attorney, however, neglected to file an appellate brief. Nonetheless, this Court accepted Appellant's *pro se* brief and addressed the merits of his contentions, including claims of ineffective assistance of counsel.[3] Ultimately, this Court denied him relief and our Supreme Court denied allowance of appeal on April 29, 1994.

Subsequently, Appellant filed a *pro se* PCRA petition, his first, on January 23, 1996. That petition fell within the one-year grace provision of 42 Pa.C.S. § 9545, and therefore was timely. *See Commonwealth v. Beasley*, 559 Pa. 604, 741 A.2d 1258 (1999); *Commonwealth v. Thomas*, 718 A.2d 326 (Pa.Super.1998). Among Appellant's claims was that this Court erred in accepting and ruling on his *pro se* brief, where he was represented by counsel, in violation of the bar against hybrid representation. The PCRA court denied relief after an evidentiary hearing finding that appellate counsel was not ineffective and

that the issue did not involve the truth-determining process and was not cognizable under the PCRA.[4] On appeal, this Court affirmed, concluding that appellate counsel's abandonment, *i.e.*, failure to file a brief, was not ineffective assistance of counsel. The panel also opined that the bar against hybrid representation set forth in *Commonwealth v. Ellis*, 534 Pa. 176, 626 A.2d 1137 (1993), did not preclude review of Appellant's direct appeal pro se brief since there was no counseled brief filed.

In September 2005, Appellant achieved relief in the federal courts, which directed that his direct appeal rights be reinstated since it determined that Appellant's Sixth Amendment right to counsel during his direct appeal was clearly violated. *Figueroa v. Vaughn*, 2005 WL 2212362 (E.D.Pa.) (unreported decision). Accordingly, Appellant filed a counseled *nunc pro tunc* direct appeal. Somewhat inexplicably, counsel did not file that direct appeal until October 8, 2008. In that appeal, Appellant raised a weight of the evidence argument and the ineffectiveness of trial counsel in failing to call the victim's boyfriend to testify.[5] We rejected both of these positions on the merits, and our Supreme Court denied allowance of appeal on March 19, 2010. Appellant filed a timely *pro se* PCRA petition on October 12, 2010.

---

3. Appellant's initial direct appeal occurred before our Supreme Court's decision in *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002); hence, ineffectiveness claims were allowed to be reviewed on direct appeal. Moreover, Appellant was required to raise any ineffectiveness claims in his post-verdict motions due to the then applicability of *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977), *abrogated by Grant, supra.*

4. At the time of the PCRA court's original determination, the decision in *Commonwealth ex. rel. Dadario v. Goldberg*, 565 Pa. 280, 773 A.2d 126 (2001), had yet to be decided. In

*Dadario*, the Supreme Court held that the truth-determining process language of the PCRA statute did not bar ineffectiveness claims that were unrelated to trial.

5. Our Supreme Court decisions in *Commonwealth v. Wright*, 599 Pa. 270, 961 A.2d 119 (2008), *Commonwealth v. Liston*, 602 Pa. 10, 977 A.2d 1089 (2009), and our *en banc* decision in *Commonwealth v. Barnett*, 25 A.3d 371 (Pa.Super.2011) (*en banc*), requiring a waiver of the right to PCRA review of then-existing ineffectiveness claims to allow ineffectiveness issues to be reviewed during a post-*Grant* direct appeal, were not decided.

The PCRA court did not appoint counsel pursuant to Pa.R.Crim.P. 904(C). Instead, it treated Appellant's petition as a second time PCRA petition and concluded that he failed to establish a miscarriage of justice. Appellant appealed, raising five issues for our consideration.

I. Whether the PCRA court abused its discretion when it refused to toll time to evaluate the issues presented and, if so, did the district court's order granting direct appeal rights re-set the collateral proceeding clock?

II. Did Appellant received [sic] ineffective assistance of counsel during his direct appeal phase when counsel created an inordinary [sic] delay in violation of due process of the Fourteenth Amendment to the United States Constitution?

III. Was Appellant's constitutional right to a fair trial violated when blacks and Hispanic[s] were excluded from his jury in violation of *Batson v. Kentucky*, [476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)] and the Sixth and Fourteenth Amendment to the United States Constitution?

IV. Whether the prosecutor violated *Brady v. Maryland*, [373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)] when the medical report containing material exculpatory evidence was impermissibly suppressed by soliciting false testimony?

V. Whether direct appeal counsel was ineffective for his failure to indicate during the direct appeal whether the victim's boyfriend was available and willing to testify on behalf of Appellant and for failing to interview the witness?

Appellant's brief at 4.

Here, Appellant's first issue gives rise to the question of whether it is appropriate for him to be proceeding *pro se*. If his PCRA petition is a first-time petition, then he has a rule-based right to counsel.[6]

---

**6.** The United States Supreme Court has held that there is no Sixth Amendment right or due process right to counsel during collateral review. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Our Supreme Court also declined to find a corresponding Pennsylvania constitutional right to counsel during PCRA review. *See Commonwealth v. Jones*, 572 Pa. 343, 815 A.2d 598, 611 n. 13 (2002) (OAJC); *Commonwealth v. Lambert*, 568 Pa. 346, 797 A.2d 232 (2001) (OAJC); *Commonwealth v. Christy*, 540 Pa. 192, 656 A.2d 877, 881 (1995). However, it is undisputed that first time PCRA petitioners have a rule-based right to counsel. Pa.R.Crim.P. 904. Accordingly, our Supreme Court has repeatedly emphasized that there is a right to effective assistance of PCRA counsel. *Commonwealth v. Pursell*, 555 Pa. 233, 724 A.2d 293, 303 (1999); *Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693, 699–700 (1998); *see also Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264, 1273–1274 (2007). This right is grounded under principles of due process. Moreover, in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court did find that there is a Sixth Amendment right to effective assistance of counsel at trial. Effective assistance of trial counsel can only be enforced in Pennsylvania via the PCRA due to *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002). Additionally, pursuant to *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), defendants in Pennsylvania are constitutionally entitled to counsel during a direct appeal. A corresponding due process right to effective assistance of counsel also exists. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Direct appeal counsel's effectiveness cannot be challenged except during a PCRA proceeding.

Furthermore, it should be noted that the United States Supreme Court has not foreclosed a constitutional right to counsel during collateral review if that is the only opportuni-

Further, his petition would not be subject to the more stringent miscarriage of justice standard set forth in *Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107 (1988).

Appellant argues that the PCRA court erred in treating his petition as a second-time PCRA and in determining that certain issues were previously litigated. The Commonwealth candidly agrees that the PCRA court erred in handling Appellant's petition as a second-time petition and that he is entitled to the appointment of counsel and the filing of an amended petition or a *Turner/Finley* no-merit letter. Nevertheless, Appellant has filed a reply brief expressly stating that he does not wish to have counsel appointed and that he wishes to move forward *pro se*.

■ Initially, it is evident that the PCRA court erred in considering Appellant's petition as a second-time PCRA petition. *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa.Super.2007) ("It is now well [-]established that a PCRA petition brought after an appeal *nunc pro tunc* is considered [an] appellant's first PCRA petition") (brackets in original); *Commonwealth v. Karanicolas*, 836 A.2d 940 (Pa.Super.2003); *Commonwealth v. Lewis*, 718 A.2d 1262 (Pa.Super.1998). Thus, Appellant was entitled to counsel and the

PCRA court erred in applying the miscarriage of justice standard. Nonetheless, as previously noted, Appellant has vehemently denied that he desires legal counsel. *See* Appellant's reply brief at 2–3 ("if this Court decides that an attorney should be appointed, Appellant will be strong-armed to dismiss/fire whoever is appointed immediately.... The District Attorney's Office do[es] not have a[sic] standing to demand that the Appellant accept an attorney he does not wants [sic] to represent him at the stages of this proceedings.").

Recently, in *Commonwealth v. Stossel*, 17 A.3d 1286 (Pa.Super.2011), this Court held that a petitioner's checking of a box in the standardized DC–198 form utilized for *pro se* PCRA petitions, which indicated that the petitioner did not want the court to appoint counsel, did not remove a court's obligation to conduct a *Grazier* colloquy to determine if the petitioner was knowingly, intelligently, and voluntarily relinquishing his right to counsel. Citing our decision in *Commonwealth v. Robinson*, 970 A.2d 455 (Pa.Super.2009) (*en banc*), we remanded for the PCRA court to conduct a *Grazier* colloquy utilizing Pa. R.Crim.P. 121(A)(2)(a), (d), (e) and (f).

In *Robinson*, an *en banc* panel of this Court overruled a previous Superior Court

---

ty a defendant has to raise an issue. *Coleman, supra* at 754–757, 111 S.Ct. 2546; *see also id.* at 773–774, 111 S.Ct. 2546 (Blackmun, J. dissenting with whom Justice Marshall and Justice Stevens joined). In light of *Grant*, defendants can only raise ineffectiveness claims in PCRA proceedings unless they expressly waive their statutory right to PCRA review. *See Commonwealth v. Barnett*, 25 A.3d 371 (Pa.Super.2011) (*en banc*). Therefore, a colorable argument can be made that petitioners in Pennsylvania have a constitutional right to counsel during a first PCRA, since they are generally prohibited from raising ineffectiveness issues on direct appeal, where they would have a constitutional right

to counsel. *See also Halbert v. Michigan*, 545 U.S. 605, 125 S.Ct. 2582, 162 L.Ed.2d 552 (2005) (due process and equal protection clauses require appointment of counsel to Michigan defendants who plead guilty and are seeking first-tier review). In addition, the only opportunity to raise the constitutional right to effective assistance of direct appeal counsel is in the context of a PCRA petition. *See e.g. Commonwealth v. Jette*, 23 A.3d 1032, 1042 (Pa.2011) (issues of counsel's effectiveness cannot be raised for the first time on appeal). Simply put, a first time PCRA is the functional equivalent of a direct appeal for ineffectiveness claims.

decision that held a *Grazier* colloquy was unnecessary in the PCRA arena so long as the petitioner unequivocally expressed his intent to continue *pro se* and appeared to be adequately representing himself. The *Robinson* Court acknowledged that the right to counsel during PCRA proceedings has not been constitutionally recognized but opined that, "the importance of that right cannot be diminished merely due to its rule-based derivation." *Robinson, supra* at 458. Specifically, we reasoned that because a first time PCRA petition "may well be the defendant's sole opportunity to seek redress[,]" an on-the-record colloquy was necessary to ascertain whether the petitioner "fully understands the ramifications of a decision to proceed *pro se* and the pitfalls associated with his lack of legal training." *Id.* at 460.[7]

We are cognizant that our Supreme Court, in *Commonwealth v. Staton,* 12 A.3d 277 (Pa.2010), indicated a willingness to review whether a defendant has a right to self-representation on appeal when constitutionally entitled to counsel. *See also Commonwealth v. Jette,* 23 A.3d 1032, 1041 n. 11 (Pa.2011). *Staton* involved a direct capital appeal in which the defendant expressed a desire to proceed *pro se.* Counsel therein, relying on *Martinez v. Court of Appeal of California,* 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000), filed a "motion to withdraw" arguing against his own withdrawal, reasoning that the defendant was not constitutionally entitled to continue *pro se.* The *Martinez* Court distinguished *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), which held that a defendant has the right to self-representation at trial, and concluded that there is no federal constitutional right to self-representation on appeal.

■ Our Supreme Court in *Staton* recognized that its own holding in *Grazier, supra,* providing that a defendant could proceed *pro se* on appeal, was premised on a federal constitutional analysis that was rendered questionable in light of the *Martinez* decision. The Court continued that it had not yet spoken on whether the Pennsylvania Constitution provides for a right to self-representation on appeal and declined to resolve the issue therein. Accordingly, although a portion of *Grazier's* underlying analysis has been critiqued, it remains binding precedent. Moreover, the discussion of *Grazier* in *Staton* warrants the conclusion that representation is favored, not disfavored. Simply put, if a defendant does not have the right to proceed *pro se* during a first-time PCRA, we would be compelled to remand for the appointment of counsel and the filing of an amended petition. However, as *Grazier* has not been overturned and Appellant has expressed a desire to continue *pro se* in this matter, we remand for an appropriate *Grazier* colloquy within thirty days of the filing of this decision. The *Grazier* colloquy, as delineated in *Robinson,* must inform Appellant that he not only has a right to have counsel on appeal, but that he was also entitled to a counseled amended petition and representation before the PCRA court.

Should Appellant decide that he does not wish to continue representing himself, new counsel must be appointed. If counsel is appointed, counsel must enter his appearance and request that this Court vacate the PCRA order so that an amended petition may be filed below, in which

---

7. The *en banc* decision in *Robinson* also effectively overturned a limited aspect of *Commonwealth v. Brady,* 741 A.2d 758 (Pa.Super.1999), which disregarded the lack of an on-the-record waiver colloquy due to the appellant's adamant opposition to appointment of counsel.

case we will relinquish jurisdiction.[8] In the alternative, if Appellant waives his right to counsel before both the PCRA court and this Court, the PCRA court shall certify and supply the necessary transcript of the *Grazier* proceeding forthwith so that we may address the merits of Appellant's remaining claims.

Case remanded with instructions. Panel jurisdiction retained.

8. We recognize that in *Commonwealth v. Robinson*, 970 A.2d 455 (Pa.Super.2009) (*en banc*), we vacated the PCRA court order and relinquished jurisdiction. Instantly, we have chosen to retain jurisdiction for the time be-ing due to the procedural posture and age of this case and because Appellant has, to this point, indicated a strong desire for the matter to be resolved as expediently as possible.