J. S17008/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CARLOS QUENTO MATHIS, SR., | : | |
| | : | |
| Appellant | : | No. 564 WDA 2014 |

Appeal from the PCRA Order March 18, 2014
In the Court of Common Pleas of Erie County
Criminal Division No(s).: CP-25-CR-0002715-2008

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED MARCH 17, 2015**

Appellant, Carlos Quento Mathis, Sr., appeals *pro se* from the order entered in the Erie County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act[1] ("PCRA"). For the reasons that follow, we vacate that order and remand for further proceedings.

The PCRA court summarized the procedural posture of this case as follows:

> Following a jury trial on May 14, 2009, [Appellant] was found guilty of Criminal Attempt of Robbery; Kidnapping; Burglary; Robbery; Terroristic Threats; Theft by Unlawful Taking; and Receiving Stolen Property. [Appellant] now seeks to attack his conviction collaterally through his

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

third[2] PCRA due to the alleged ineffective assistance of counsel of each of the various attorneys who have represented him through trial, on appeal, and in his previous requests for post-conviction relief. . . .

* * *

On July 23, 2009, [Appellant] was sentenced to an aggregate term of incarceration of 15 to 40 years. [Appellant] then appealed to the Superior Court, but his appeal was quashed as untimely. In December 2009, [Appellant] filed a PCRA petition alleging ineffective assistance of counsel and requesting his appellate rights be reinstated *nunc pro tunc*. This [c]ourt granted [Appellant's] request and appointed [ ] counsel. Subsequently, [counsel] withdrew because of a conflict of interest and [other counsel] was appointed as appellate counsel for [him]. A renewed appeal was filed, and the Superior Court affirmed this court's judgment of sentence on May 5, 2011.

On March 12, 2013, [Appellant] filed his second PCRA, once again alleging ineffective assistance of counsel on the basis that [counsel] failed to appeal to the Pennsylvania Supreme Court and requesting his appellate rights be reinstated *nunc pro tunc*. This [c]ourt treated [Appellant's] second PCRA as his first and appointed [counsel] for [him]. On June 13, 2012, this [c]ourt granted [Appellant's] request and reinstated [his] appellate rights *nunc pro tunc*. Subsequently, the Pennsylvania Supreme court denied [Appellant's] "Petition for Allowance of Appeal" ["PAA"] on December 27, 2012, denying his request for *allocator*.

On November 21, 2013, [Appellant] filed a "Motion to Reinstate or Accredit Time," which this [c]ourt construed as [his] third PCRA. On December 9, 2013, this [c]ourt gave [Appellant] thirty days to amend his PCRA . . . . On December 27, 2013, Petitioner filed his amended PCRA, for

---

[2] As set forth below, the instant petition is Appellant's first, not third, PCRA petition.

a third time raising claims of ineffective assistance of counsel.

PCRA Ct. Op., 2/14/14, at 1, 2-3 (footnote and citation omitted).

On February 14, 2014, the PCRA court gave Appellant notice of its intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907. On March 18, 2014, the PCRA petition was dismissed. This timely appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the PCRA court filed a Pa.R.A.P. 1925(a) opinion.

Appellant raises the following issues for our review:

A. Did the Lower Court err in finding counsel was effective, after counsel failed to file a motion to suppress the arrest, due to no signature of an issuing authority on any of the documents?

B. Did the Lower Court err by finding counsel effective after failing to properly or adequately investigate the case, providing actual proof of Appellant's location during the commission of the crimes by cell phone records?

C. Did the Lower Court err by finding counsel effective after failing to subpoena phone records from the Erie County Prison, impeaching alleged co-conspirator?

D. Did the Lower Court err by finding counsel effective after failing to object to Police testimony about the contents of Katherine Kramer's car, as all three inventory reports are different?

E. Did the Lower Court err by finding counsel effective after failing to diligently inform Appellant of the state of the proceedings, allowing Appellant's appeal rights to expire?

Appellant's Brief at 4.

As a prefatory matter, we consider whether Appellant was entitled to the appointment of counsel.

Our Supreme Court has stated that if a defendant has been denied the right to file a petition for allowance of appeal, on direct appeal, the PCRA provides for the reinstatement of that right under appropriate circumstances. **Commonwealth v. Liebel**, 825 A.2d 630, 635-36 (Pa. 2003). "'It is now well [-]established that a PCRA petition brought after an appeal *nunc pro tunc* is considered [an] appellant's first PCRA petition[.]' Thus, [the a]ppellant was entitled to counsel . . . ." **Commonwealth v. Figueroa**, 29 A.3d 1177, 1181 (Pa. Super. 2011) (citations omitted). "[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C).

Instantly, the PCRA court considered the instant petition as Appellant's third PCRA petition. Trial Ct. Op. at 1. Because Appellant's petition was brought after his appeal *nunc pro tunc*, it should have been considered his first PCRA petition. **See Figueroa**, 29 A.3d at 1181. Therefore, Appellant was entitled to the appointment of counsel. **Id.**

Accordingly, we decline to reach the merits of the present appeal. We vacate the PCRA court's March 18, 2014 order and remand this matter for the appointment of counsel.

Order vacated.  Case remanded.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2015