J-S57020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KELLY SPILLMAN | |
| Appellant | No. 3366 EDA 2014 |

Appeal from the PCRA Order November 7, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0808261-2006

BEFORE: MUNDY, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                                 **FILED October 6, 2015**

Kelly Spillman appeals, *pro se*, from the order entered on November 7, 2014, in the Court of Common Pleas of Philadelphia County granting in part and denying in part his amended first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*. Because no **Grazier**[1] hearing was held, we are required to remand this matter to the PCRA court for a formal determination whether Spillman's request to proceed *pro se* is knowing, voluntary and intelligent.

Briefly, Spillman was convicted in 2007 of a variety of charges[2] involving his high-speed flight from Philadelphia police after they determined

---

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[2] Aggravated assault, 18 Pa.C.S. § 2702(a)(1); resisting arrest, 18 Pa.C.S. § 5104; criminal mischief, 18 Pa.C.S. § 3304(a)(1); simple assault, 18 Pa.C.S.
*(Footnote Continued Next Page)*

Spillman was occupying a stolen pickup truck. The chase included Spillman driving the wrong way on I-95 before crashing into a police cruiser. Spillman represented himself at trial, apparently claiming he was a graduate of Fordham University Law School. Spillman's counseled direct appeal, *nunc pro tunc*, afforded him no relief. Spillman filed the instant PCRA petition, *pro se*, on August 24, 2012. Among his claims was an assertion he was serving an illegal sentence on the charge of criminal mischief. Spillman was appointed counsel who filed an amended petition arguing Spillman's convictions of reckless endangerment (REAP) and simple assault should have merged with his conviction of aggravated assault. The amended petition did not raise the claim regarding criminal mischief. By order dated November 7, 2014, the PCRA court agreed that the simple assault conviction merged with the aggravated assault conviction and vacated the simple assault sentence including the associated costs and fines. However, the PCRA court denied Spillman relief regarding merger of REAP and aggravated assault.

Spillman filed a timely appeal and on November 25, 2014, Spillman sought *in forma pauperis* status and informed the court of his desire to proceed *pro se*. However, the certified record contains no order granting

*(Footnote Continued)* ────────────────

§ 2701(a); recklessly endangering another person, 18 Pa.C.S. § 2705; and fleeing or eluding, 75 Pa.C.S. § 3733.

- 2 -

Spillman the right to proceed *pro se* nor granting appointed counsel leave to withdraw. Additionally, as noted above, no **Grazier** hearing was held.[3]

We note that case law has consistently held that in a first PCRA petition, a **Grazier** hearing is required prior to allowing a petitioner to represent him/herself. **See Commonwealth v. Figueroa**, 29 A.3d 1177 (Pa. Super. 2011). Additionally, while we recognize that Spillman requested to proceed *pro se* in his November 25, 2014, application to proceed *in forma pauperis*, we liken that request to the situation in **Figueroa, supra**, wherein the petitioner checked the box on the PCRA form indicating he wished to proceed *pro se*. Such perfunctory written requests cannot take the place of a **Grazier** hearing.

Said **Grazier** hearing is to be held within 45 days of receipt of this order. The trial court shall enter its order and ensure the certified record is returned to this Court within 20 days of the **Grazier** hearing,. If new counsel is appointed, counsel shall file either an advocate's brief or a **Turner**/**Finley**[4] no merit letter, with this Court, within thirty days of

---

[3] The **Grazier** hearing is not a mere formality. Although the certified record indicates that Spillman was examined and determined to be competent to stand trial, at sentencing, on December 17, 2007, Spillman denied being a graduate of Fordham University Law School as well as being Kelly Spillman. He claimed to be someone named Raymond Frank. **See** N.T. Sentencing, 12/7/2007, at 7.

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A,2d 213 (Pa. Super. 1988) (*en banc*).

appointment. The Commonwealth shall have thirty days from said filing to file a response. If appointed counsel files a no merit letter along with a petition to withdraw, Spillman shall have thirty days thereafter to file his *pro se* response. If Spillman is allowed to proceed *pro se*, the PCRA court shall immediately notify our Court and we will decide the matter based upon filed briefs.

This matter is remanded for proceedings consistent with this decision. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/6/2015</u>