J-S71034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MATTHEW JON DEVOE | |
| Appellant | No. 799 WDA 2015 |

Appeal from the PCRA Order April 30, 2015
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-CR-0000468-2013

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 23, 2015**

Matthew Jon Devoe appeals *pro se* from the order entered April 30, 2015, in the Court of Common Pleas of Somerset County, dismissing, without prejudice, his first petition, filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  Devoe contends the PCRA court erred in (1) "denying and dismissing [his] PCRA [petition] where the petition was not presented on a Department of Corrections form," and (2) "dismissing [the] PCRA [petition] without required notice pursuant to Pa.R.Cr.P. 907."  Devoe's Brief at 4.  Based upon the following, we vacate the order of the PCRA court and remand for appointment of counsel.

Following the entry of a guilty plea to one count of firearms not to be carried without a license, and two counts of terroristic threats,[1] Devoe was sentenced on October 16, 2014, to an aggregate term of three to 15 years' imprisonment.  Post sentence motions were denied on February 4, 2015, and no appeal was filed.  Thereafter, Devoe filed a *pro se* PCRA petition, seeking reinstatement of his direct appeal rights.  The *pro se* petition was time-stamped April 29, 2015.  The PCRA court dismissed Devoe's PCRA petition on April 30, 2015, stating the dismissal was "without prejudice to refile [Devoe's] request for relief on forms provided at the [State Correctional] Institution for the purpose of processing a claim for relief under the PCRA."  Order, 4/30/2015.  This timely appeal followed.

It is well established that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013) (quotations and citations omitted) (emphasis added).  Further, Pennsylvania Rule of Criminal Procedure 904(C) provides, in pertinent part, that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge **shall** appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."  Pa.R.Crim.P. 904(C) (emphasis added); ***see also***

_____

[1] 18 Pa.C.S. §§ 6106(a)(2) and 2706(a)(1), respectively.

***Commonwealth v. Figueroa***, 29 A.3d 1177, 1180 n.6 (Pa. Super. 2011) ("[I]t is undisputed that first time PCRA petitioners have a rule-based right to counsel.").

Here, Devoe argues that the PCRA court erred in dismissing his *pro se* PCRA petition on the basis that he did not use a Department of Corrections form, and requests this Court to vacate the PCRA court's order and remand for appointment of counsel. We find merit in Devoe's argument.

Based on the above-cited case law and Rule 904, we conclude Devoe's petition requesting leave to file a direct appeal *nunc pro tunc* should have been treated as a PCRA petition, and that he should have been afforded his right to appointed counsel. We note the PCRA court, in its Pa.R.A.P. 1925(a) opinion, and the Commonwealth, in its brief, have acknowledged that remand for appointment of counsel is proper in this case. Accordingly, we vacate the order of the PCRA court and remand for the appointment of counsel pursuant to Pa.R.Crim.P. 904(C).[2]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

---

[2] Based on our disposition, we do not reach Devoe's remaining argument.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/23/2015</u>