J-S03034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NORMAN MATHIS | |
| Appellant | No. 1368 EDA 2015 |

Appeal from the Judgment of Sentence October 22, 2010
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0900071-2005
CP-51-CR-1006931-2005


BEFORE: FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JANUARY 27, 2016**

Appellant Norman Mathis appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following the revocation of his probation for his possession with intent to deliver ("PWID")[1] and conspiracy[2] convictions. We affirm.

The trial court set forth the relevant factual and procedural history of this appeal as follows:

> On February 27, 2004, [Appellant] was arrested and charged with [PWID] and conspiracy. On June 9, 2004, [Appellant] was again arrested and charged with PWID and conspiracy. On November 3, 2005, [Appellant] pled guilty

---

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 903.

to the charges resulting from these two arrests and was sentenced by this [c]ourt to a negotiated sentence of 3 to 23 months['] county incarceration plus 1 year [of] probation on each docket, to run concurrently with one another. On November 11, 2005, [Appellant] was arrested and charged with aggravated assault and weapons offenses.  On June 6, 2006, these charges were withdrawn. On July 31, 2006, [Appellant] appeared before this [c]ourt for a violation hearing and this [c]ourt allowed probation and parole to continue.

On June 20, 2007, [Appellant] was arrested and charged with attempted murder, aggravated assault and weapons offenses. On June 23, 2008, [Appellant] was arrested and charged with providing false information to acquire a firearm and conspiracy. On October 14, 2008, [Appellant] pled guilty to aggravated assault and violations of the Uniform Firearms Act (VUFA) [18 Pa.C.S. §§] 6105 and 6106, and was sentenced by the Honorable Willis Berry to 3½ to 7 years['] state incarceration. On August 4, 2010, [Appellant] was found guilty of providing false information to acquire a firearm and conspiracy, and was sentenced by the Honorable Gwendolyn Bright to 6 to 12 months['] county incarceration plus 4 years['] probation.

On October 22, 2010, [Appellant] appeared before this [c]ourt via video conference for a violation hearing. [Appellant] was represented at the hearing by Michael Garmisa, Esquire, while the Commonwealth attorney was Noel DeSantis, Esquire. After this [c]ourt reviewed [Appellant's] criminal history, the probation officer, Hussan Musallam ("Musallam"), recommended that probation be revoked and a sentence of incarceration imposed due to the two direct violations [Appellant] had incurred. Mr. Garmisa acknowledged that [Appellant's] direct violations [] were serious in nature but noted that [Appellant] was working, had enrolled in a GED program and had two young children. Consequently, Mr. Garmisa requested that this [c]ourt sentence [Appellant] to 1 to 2 years['] state incarceration, to run consecutively to the sentence imposed by Judge Berry. (N.T. 10/22/2010, p. 7-10).

Ms. DeSantis requested that [Appellant] be sentenced to 5 to 10 years['] state incarceration on each charge, to run

concurrently with one another but consecutive to the sentence imposed by Judge Berry. Ms. DeSantis noted that [Appellant] pled guilty to a case in which he shot an unarmed man multiple times and argued that he had therefore increased his level of violence. Ms. DeSantis further argued that [Appellant] knew that he was not allowed to possess a firearm and that he provided false information in order to acquire one. Ms. DeSantis further noted that [Appellant] could potentially face up to 40 years on the charges in the instant cases. [Appellant] next spoke on his own behalf. [Appellant] apologized to this [c]ourt for violating his probation and stated that he had learned from the mistake[s] he had made. [Appellant] further stated that he was currently enrolled in a GED program and had taken violence prevention classes for six months. *Id.* at 10-12.

This [c]ourt found [Appellant] to be in direct violation and terminated his parole and revoked his probation. On docket CP-51-CR-0900071-2005, this [c]ourt sentenced [Appellant] to 5 to 10 years[' incarceration] on both the PWID and conspiracy charges, to run concurrent with one another. On docket CP-51-CR-1006931-2005, this [c]ourt sentenced [Appellant] to 5 to 10 years['] state incarceration on both the PWID and conspiracy charges, to run concurrently with one another but consecutive to the sentences on the other docket, for a total aggregate term of 10 to 20 years['] state incarceration. *Id.* at 12-14.

On November 2, 2010, [Appellant] filed a *pro se* [p]etition to [r]econsider[3] and for [a]ppointment of [c]ounsel. On November 18, 2010, [Appellant] filed a *pro se* [n]otice of [a]ppeal to the Superior Court. On December 3, 2010, David W. Banish, Esquire, was appointed as appellate counsel. On January 13, 2011, [Appellant] filed a *pro se* [c]oncise [s]tatement of [e]rrors [p]ursuant to Pa.R.A.P. 1925(b). On January 24, 2011, after receiving the notes of testimony, this [c]ourt ordered defense counsel file a [c]oncise [s]tatement of [e]rrors pursuant to Pa.R.A.P. 1925(b) by February 14, 2011. On February 14, 2011, Mr.

---

[3] This motion was not docketed, nor is it part of the certified record.

Banish filed his [c]oncise [s]tatement of [e]rrors and asserted that there were no non-frivolous issues preserved for appeal. On March 28, 2011, this [c]ourt filed its opinion in the matter.

On March 15, 2012, the Superior Court quashed [Appellant's] appeal after they concluded that the appeal was not properly before them. On November 29, 2012, [Appellant] filed a petition pursuant to the Post-Conviction Relief Act [("PCRA")[4]] to have his appellate rights reinstated *nunc pro tunc*. On March 7, 2014, Peter A. Levin, Esquire[,] was appointed PCRA Counsel. On April 24, 2015, the Commonwealth agreed to reinstate [Appellant's] appellate rights with Mr. Levin to remain as appellate counsel. On May 12, 2015, [Appellant] filed a [n]otice of [a]ppeal to the Superior Court. On May 14, 2015, this [c]ourt ordered [Appellant] to file a [c]oncise [s]tatement of [e]rrors pursuant to Pa.R.A.P. 1925(b) and defense counsel did so on June 3, 2015.

Trial Court Opinion, filed June 11, 2015, at 2-4.

Appellant raises the following issue for our review:

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING [] APPELLANT TO A HARSH AND EXCESSIVE SENTENCE?

Appellant's Brief at 7.

In his sole issue on appeal, Appellant challenges the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can

---

[4] 42 Pa.C.S. §§ 9541-9546.

address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Id.**

"Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa.Super.2013), *appeal denied*, 76 A.3d 538 (Pa.2013).

Presently, Appellant failed to preserve his issues at sentencing or in a timely post-sentence motion.[5] Thus, Appellant has waived his challenge to the discretionary aspects of his sentence.[6]

_____

[5] Appellant claims he filed a *pro se* petition for reconsideration on November 2, 2010, however this petition was not docketed, the trial court did not rule on it, and it is not included in the certified record. Moreover, his alleged *pro se* petition would be considered a nullity as he was represented by counsel when he filed it. **See Commonwealth v. Figueroa**, 29 A.3d 1177, 1178 n.2 (Pa.Super.2011), *appeal denied*, 46 A.3d 715 (Pa.2012). Appellant did not file a post-sentence motion after his appellate rights were reinstated *nunc pro tunc*.

[6] Moreover, Appellant's claim that the court failed to consider his rehabilitative needs and mitigating factors and failed to state adequate reasons for its sentence is devoid of merit. The trial court acknowledged Appellant's apology, ordered him to get a GED and job training, and
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2016

_____
*(Footnote Continued)*

sentenced him to a period of confinement because Appellant committed serious crimes while he was on probation and the court felt it needed to sentence Appellant to full confinement to vindicate the authority of the court. **See** N.T., 10/22/2010, at 13-14.