J. S21040/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| STEVEN RODABAUGH, | : | No. 1695 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, June 3, 2015,
in the Court of Common Pleas of Jefferson County
Criminal Division at No. CP-33-CR-0000539-2002

BEFORE:  OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED JUNE 6, 2018**

Appellant, Steven Rodabaugh, appeals from the June 3, 2015 judgment of sentence[1] entered by the Court of Common Pleas of Jefferson County following his probation violations stemming from convictions of two counts of terroristic threats.[2]  After careful review, we reverse the trial court's order denying appellant's post-sentence motion and remand to the trial court for further proceedings consistent with this memorandum.

The relevant procedural history of this case is as follows:  On September 4, 2002, the Commonwealth charged appellant with, *inter alia*,

---

[1] Although appellant purports to appeal from the October 10, 2017 order denying his post-sentence motions, the appeal is actually from the judgment of sentence dated June 3, 2015.  We have amended the caption accordingly.

[2] 18 Pa.C.S.A. § 2706(a)(3).

two counts of terroristic threats. Appellant pled guilty to the terroristic threats charges on October 2, 2002, and all other charges were withdrawn. Immediately thereafter, the trial court sentenced appellant to an aggregate of three months to two years, less one day, in the Jefferson County Jail and four years' probation. While on probation, appellant was convicted of two counts of criminal sexual conduct in Michigan stemming from offenses committed in December of 2005 and January of 2006. (Notes of testimony, 5/20/15 at 2.) Appellant absconded and was not sentenced for those convictions until 2011. (*Id.*) Appellant completed the maximum sentences related to the Michigan charges on May 18, 2015.

On May 20, 2015, the trial court held its first *Gagnon* hearing, which the trial court continued so that appellant's pre-sentence report could be updated. (*See id.* at 4.) At the second *Gagnon* hearing on June 3, 2015, the trial court sentenced appellant to an aggregate sentence of 3-10 years' imprisonment.

Appellant filed a post-sentence motion to modify his sentence on October 6, 2017, on the grounds that the trial court entered an illegal judgment of sentence. The trial court denied appellant's motion on October 10, 2017. On November 1, 2017, appellant filed a notice of appeal to this court. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on November 13, 2017, and appellant timely complied on November 29, 2017.

On December 6, 2017, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

1. Was [appellant] illegally resentenced on the first (1st) count of Terroristic Threats due to [appellant] maxed out the original sentence on the first (1st) of Terroristic Threats[?]

2. Was [appellant] entitled to credit for time served from February 12, 2006 to May 02, 2006, and from August 07, 2010 to May 18, 2015 applied to the resentencing on the second (2nd) count of Terroristic Threats[?]

Appellant's brief at 4.

Despite the fact that appellant framed the petition currently before this court as a post-sentence motion and direct appeal therefrom, such an appeal would be patently untimely. Further, the trial court should have treated this motion as appellant's first petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Indeed, the PCRA provides a cause of action so that "persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. A petition filed under the PCRA is the "sole means of obtaining collateral relief[.]" **Id.**, **see also Commonwealth v. Jackson**, 30 A.3d 516, 518 (Pa.Super. 2011). Here, because appellant is raising issues pertaining to the legality of his sentence, his post-sentence motion must be treated as a petition pursuant to the PCRA, albeit an untimely one.

The Pennsylvania Rules of Criminal Procedure mandate that counsel be appointed for a defendant's first petition for relief under the PCRA. Pa.R.Crim.P. 904(C). Indeed, Pennsylvania courts have repeatedly recognized a rules-based right to counsel for a first petition filed pursuant to the PCRA. **See Commonwealth v. Figueroa**, 29 A.3d 1177, 1180 n.6 (Pa.Super. 2011), **appeal denied**, 46 A.3d 715 (Pa. 2012), citing **Commonwealth v. Pursell**, 724 A.2d 293, 303 (Pa. 1999), **cert. denied**, 528 U.S. 975 (1999); **Commonwealth v. Albrecht**, 720 A.2d 693, 699-700 (Pa. 1998); **Commonwealth v. Bennett**, 930 A.2d 1264, 1273-1274 (Pa. 2007).

In the instant appeal, the trial court did not appoint counsel for appellant. Further, the record does not reflect that appellant made a knowing, voluntary, and intelligent waiver of his right to be represented by counsel pursuant to our supreme court's holding in **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998). We, therefore, remand to the trial court for the appointment of counsel to represent appellant or, in the alternative, to conduct a **Grazier** hearing on the record and determine whether appellant's waiver of his right to counsel is knowing, voluntary, and intelligent.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2018