J-S35041-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYREEK CORBETT, | : | |
| | : | |
| Appellant | : | No. 2040 EDA 2017 |

Appeal from the PCRA Order June 2, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1007721-1997

BEFORE:    OLSON, J., STABILE, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED SEPTEMBER 10, 2019**

Tyreek Corbett (Appellant) *pro se* appeals from the June 2, 2017 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we remand for further proceedings consistent with this memorandum.

We glean the following factual and procedural history from the record. On November 17, 1996, Appellant and Anthony Baker fired numerous shots at James Ward, Cleveland Scott, Eric Woodson, and Leroy DeShield.  Ward died as a result of the gunshot wounds.  Scott identified Appellant as one of the shooters, and another eyewitness identified Appellant as being at the scene, standing over Ward's body after the shooting.

Following a jury trial, Appellant was convicted of first-degree murder, possessing an instrument of crime, and criminal conspiracy.  Appellant was

---

*Retired Senior Judge assigned to the Superior Court.

sentenced to life imprisonment for the murder conviction, followed by an aggregate term of incarceration of 8 to 16 years on the remaining convictions. On appeal, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on November 1, 2000. *Commonwealth v. Corbett*, 761 A.2d 1231 (Pa. Super. 2000) (unpublished memorandum), *appeal denied*, 764 A.2d 1064 (Pa. 2000).

Appellant, through counsel, timely filed his first PCRA petition on October 24, 2001, and a supplemental amended petition on April 15, 2003. The PCRA court dismissed the petition without a hearing. On appeal, this Court affirmed that order, and our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Corbett*, 888 A.2d 3 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 895 A.2d 1259 (Pa. 2006).

On July 25, 2014, Appellant, through privately-retained counsel, Alan Tauber, Esquire, filed the instant PCRA petition, claiming that his petition was timely filed pursuant to the newly-discovered facts exception to the PCRA's time-bar. Specifically, Appellant claimed that he filed his petition within 60 days of learning of an alleged eyewitness, Vernon Oliver, who would testify that Appellant was not one of the shooters. Additionally, Appellant argued that he was entitled to relief based on this after-discovered evidence. PCRA Petition, 7/25/2014, at 2-4. Appellant subsequently filed an

- 2 -

amended PCRA petition, adding another newly-discovered fact and after-discovered evidence claim regarding another eyewitness, Eric Butler. Amended PCRA Petition, 9/18/2014, at 3-5.

The PCRA court held an evidentiary hearing on Appellant's after-discovered evidence claims on March 9, 2017. Oliver and Butler testified at the hearing. On June 2, 2017, the PCRA court dismissed Appellant's PCRA petition. This timely-filed *pro se* appeal followed.[1]

Although Appellant *pro se* filed a notice of appeal, the record indicated that Appellant was still represented by Attorney Tauber. Therefore, on August 11, 2017, this Court issued an order directing Attorney Tauber to show cause why he was not counsel of record. *Per Curiam* Order, 8/11/2017. Attorney Tauber responded, notifying this Court that he advised Appellant of his appellate rights following the PCRA court's dismissal of his PCRA petition. Additionally, Attorney Tauber advised Appellant that pursuant to their engagement agreement, he had been retained solely for purposes of litigating the PCRA petition. As such, relying on the terms of the engagement agreement, Appellant *pro se* filed the instant notice of appeal, and Attorney Tauber did not seek formally to withdraw as counsel before the PCRA court. Response, 8/28/2017. On October 2, 2017, Attorney Tauber filed a request for leave to withdraw as counsel with this Court, which this Court granted. *Per Curiam* Order, 10/23/2017.

---

[1] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

- 3 -

Before reaching the merits of Appellant's claims on appeal, we must determine first whether he is properly proceeding *pro se*.

> The United States Supreme Court has held that there is no Sixth Amendment right or due process right to counsel during collateral review. Our Supreme Court also declined to find a corresponding Pennsylvania constitutional right to counsel during PCRA review. However, it is undisputed that first[-]time PCRA petitioners have a rule-based right to counsel. Accordingly, our Supreme Court has repeatedly emphasized that there is a right to effective assistance of PCRA counsel.

*Commonwealth v. Figueroa*, 29 A.3d 1177, 1181 n.6 (Pa. Super. 2011) (citations omitted).

For second and subsequent petitions, a petitioner is not entitled to the appointment of counsel unless the petitioner proves he "is unable to afford or otherwise procure counsel, and an evidentiary hearing is required[.]" Pa.R.Crim.P. 904(D). In such an instance, counsel must be appointed, and appointed counsel shall continue representation throughout the PCRA proceedings, including any appeal therefrom. Pa.R.Crim.P. 904(F)(2).

Although this was Appellant's second PCRA petition, he may have had a rule-based right to counsel, as the PCRA court determined that an evidentiary hearing was required. However, because Appellant retained private counsel prior to filing his petition, the PCRA court did not determine whether Appellant was unable to afford or otherwise procure counsel, which would have entitled him to appointed counsel pursuant to Pa.R.Crim.P. 904(D).

Ordinarily, and despite any purported engagement agreement, once privately-retained counsel enters an appearance, counsel is obligated to continue representation through direct appeal or until granted permission to withdraw. Pa.R.Crim.P. 120(A)(4), (B)(1). Attorney Tauber did not seek to withdraw until after Appellant *pro se* filed the instant notice of appeal and this Court directed Attorney Tauber to show cause as to why he was not counsel of record. Although this Court granted Attorney Tauber's petition to withdraw, if Appellant is unable to afford or otherwise procure counsel, his rule-based right to counsel for his second PCRA petition remains in effect on appeal. **See** Pa.R.Crim.P. 904(D) and (F)(2).

Accordingly, we remand to the PCRA court to conduct any proceedings it deems necessary to determine whether Appellant is entitled to appointed counsel for this appeal. The PCRA court shall file an opinion with this Court within 30 days as to one of the following: (1) If the PCRA court determines that Appellant was entitled to appointed counsel on his second PCRA petition, the PCRA court shall appoint new counsel. The PRA court shall additionally order appointed counsel to file a Pa.R.A.P. 1925(b) statement on Appellant's behalf. (2) If Appellant is entitled to appointed counsel, but indicates he would like to proceed *pro se*, the PCRA court shall conduct an on-the-record colloquy to ensure the decision to waive counsel is knowing, intelligent, and voluntary. **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). (3) If Appellant is able to afford or otherwise procure counsel,

but declines to do so, the PCRA court shall advise this Court and this appeal shall proceed accordingly.

Case remanded for proceedings consistent with this memorandum. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/19