J-S05039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON ROSS SNYDER, | : | |
| | : | |
| Appellant | : | No. 1420 MDA 2019 |

Appeal from the Order Entered July 11, 2019
in the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001511-2017

BEFORE: SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 16, 2020**

Brandon Ross Snyder ("Snyder") appeals from the Order[1] denying his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. We vacate and remand.

On April 3, 2019, a jury convicted Snyder of one count each of aggravated assault—police officer, resisting arrest or other law enforcement, criminal mischief—real or personal property, and two counts each of simple assault and harassment.[2] On May 17, 2019, Snyder was sentenced to an

_____

[1] Snyder purports to appeal from the judgment of sentence dated May 17, 2019; however, upon our review of the convoluted procedural history underlying this appeal, we conclude that his judgment of sentence became final on June 24, 2019, as we will discuss *infra*. Thus, the appeal properly lies from the denial of his PCRA Petition.

[2] 18 Pa.C.S.A. §§ 2702(a)(3), 5104, 3304(a)(5), 2701(a)(1), 2709(a)(1).

aggregate term of 3 to 6 years in prison. Snyder filed a timely *pro se* post-sentence Motion on May 22, 2019.[3] The trial court denied his *pro se* Motion by an Order entered on May 24, 2019, and indicated that it would file an Opinion in support of its denial at a later date. In the same Order, the trial court appointed counsel for Snyder. Snyder thereafter filed a *pro se* Petition for relief, on June 4, 2019, to remove appointed counsel. The trial court granted the Petition and removed appointed counsel on June 24, 2019.

On June 27, 2019, Snyder filed a *pro se* PCRA Petition, in which he alleged violations of the United States Constitution and Pennsylvania Constitution, and ineffective assistance of counsel. On July 11, 2019, after improperly determining that Snyder's *pro se* post-sentence Motion was still pending, the PCRA court denied Snyder's *pro se* PCRA Petition as "premature."

On July 24, 2019, the trial court ordered that Snyder's *pro se* post-sentence Motion was denied by operation of law, and issued an Opinion addressing Snyder's issues, as raised in the *pro se* Motion. Snyder, represented by new counsel, filed a Notice of Appeal and a court-ordered 1925(b) Concise Statement.

Initially, we address the procedural posture of the appeal. Snyder's judgment of sentence became an appealable final order following the entry of the trial court's May 24, 2019 Order denying his *pro se* post-sentence Motion. **See** Pa.R.A.P. 903(a) (providing that a notice of appeal "shall be filed within

_____

[3] Snyder represented himself at trial, with standby counsel appointed by the trial court.

30 days after the entry of the order from which the appeal is taken."); **see also** Pa.R.Crim.P. 720(a)(2) (providing that "[i]f the defendant files a timely post-sentence motion, the notice of appeal shall be filed: (a) within 30 days of the entry of the order deciding the motion…."). Therefore, Snyder had until June 24, 2019, to file a timely notice of appeal.[4] Instead, Snyder filed his *pro se* PCRA Petition 3 days later, on June 27, 2019, in which he indicated that he had not filed a direct appeal. On July 11, 2019, the PCRA court denied Snyder's *pro se* PCRA Petition based on its mistaken belief that his *pro se* post-sentence Motion was still pending. However, Snyder's *pro se* PCRA Petition was, in fact, timely filed after his judgment of sentence became final. **See** 42 Pa.C.S.A. § 9545(b)(1) (providing that "[a]ny petition under this subchapter … shall be filed within one year of the date the judgment becomes final[.]"); **see also Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002) (stating that "[w]e have repeatedly held that the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.").

Because Snyder's *pro se* PCRA Petition was timely filed, he was entitled to the appointment of counsel and consideration of his claims. **See Commonwealth v. Figueroa**, 29 A.3d 1177, 1180 n.6 (Pa. Super. 2011)

---

[4] The 30th day was Sunday, June 23, 2019. **See** 1 Pa.C.S.A. § 1908 (providing that, regarding the computation of time, "[w]henever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth, such day shall be omitted from the computation.").

(stating that "first time PCRA petitioners have a rule-based right to counsel.");

*see also* Pa.R.Crim.P. 904(C). We therefore vacate the PCRA court's Order denying Snyder's *pro se* PCRA Petition, and we remand for a determination of whether Snyder may proceed *in forma pauperis*, and if so, for the appointment of counsel, as well as any other proceedings as are appropriate under the PCRA.

Order vacated. Case remanded for further proceedings consistent with this Memorandum. Jurisdiction relinquished.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2020