J-S69039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CARL MUHAMMAD, | |
| Appellant | No. 788 EDA 2015 |

Appeal from the PCRA Order of March 2, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0145731-1990

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND OLSON, J.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 12, 2016**

Appellant, Carl Muhammad, appeals from the order entered on March 2, 2015, dismissing as untimely his second petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  In August 1989, police arrested Appellant after he sold cocaine, with the assistance of a co-defendant, to an undercover agent.  In a search incident to his arrest, police recovered two firearms, ammunition, cocaine, marijuana, and pre-recorded currency used in the undercover drug transaction.  On December 19, 1990, a jury convicted Appellant of possession with intent to deliver a controlled substance, criminal conspiracy, possession of an instrument of crime, and attendant firearms violations.  On September 11, 1991, the trial court sentenced Appellant to an aggregate

term of eight to 25 years of imprisonment. On January 11, 1993, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Muhammad*, 626 A.2d 647 (Pa. Super. 1993) (unpublished memorandum). Our Supreme Court denied further review on November 10, 1993. *See Commonwealth v. Muhammad*, 634 A.2d 1115 (Pa. 1993).

Appellant filed a *pro se* PCRA petition on July 30, 1996. Appointed counsel filed an amended petition that the PCRA court denied on October 24, 1997. We affirmed that decision. *See Commonwealth v. Muhammad*, 737 A.2d 809 (Pa. Super. 1999) (unpublished memorandum). Our Supreme Court denied further review on July 22, 1999. *See Commonwealth v. Muhammad*, 740 A.2d 231 (Pa. 1999).

On March 12, 2014, Appellant filed a *pro se* PCRA petition. He filed a supplemental *pro se* PCRA petition on July 1, 2014. The PCRA court reviewed them together.[1] On December 16, 2014, the PCRA court sent Appellant notice of its intent to dismiss the PCRA petitions without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. On March 2, 2015, the PCRA court entered an order dismissing Appellant's PCRA petitions as

---

[1] Upon our review of the PCRA petitions presented, Appellant claimed that his sentence was illegal because: (1) the Commonwealth did not prove the weight of the drugs recovered, and; (2) the Department of Corrections inaccurately computed his sentences consecutively, rather than concurrently. Appellant also claimed counsel was ineffective for failing to hire a narcotics expert to examine the drugs at issue for weight or quantity.

untimely, because Appellant failed to plead and prove an exception to the

PCRA's jurisdiction time-bar. This timely appeal resulted.[2]

On appeal, Appellant presents the following *pro se* issues for our

review:

1. Did the lower court err in finding [Appellant] did not assert [an] exception to timeliness per 18 Pa.C.S.A. § 9545(b)(1)?

2. Did the lower court err in fail[ing] to appoint counsel, depriving [Appellant] of a full, fair, and counseled opportunity to present claims, and/or hold an evidentiary hearing?

3. Was appellate counsel ineffective for failing to amend and raise for review the unconstitutionality of [a] mandatory minimum sentence imposed per [the United States] Supreme Court's decision in ***Alleyne v. U.S.***, 133 S.Ct. 2151 (2013)?

4. Was the verdict against the weight of the evidence for conspiracy?

Appellant's Brief at 1-2.

Our standard of review is well-settled:

_____

[2] Appellant filed a *pro se* notice of appeal on March 12, 2015. On April 23, 2015, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a). On May 4, 2015, Appellant filed a *pro se* motion, with this Court, to supplement his PCRA petition filed on March 12, 2014, by asserting an exception to the PCRA's one-year jurisdictional time bar based upon a newly recognized constitutional right articulated by the United States Supreme Court in ***Alleyne v. United States***, -- U.S. --, 133 S. Ct. 2151 (2013). By *per curiam* order filed on June 1, 2015, this Court denied the motion without prejudice for Appellant to raise the issue in his appellate brief. Appellant presents the issue again for our review.

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (internal citations and quotations omitted).

Initially, we reject Appellant's second argument that he is entitled to the appointment of counsel. "[F]irst time PCRA petitioners have a rule-based right to counsel." *Commonwealth v. Figueroa*, 29 A.3d 1177, 1180-1181 n.6 (Pa. Super. 2011), *citing* Pa.R.Crim.P. 904. Because this is Appellant's second PCRA petition, he is not entitled to court-appointed representation.

Appellant's first and third issues are inter-related, so we will examine them together. Appellant contends that he received an illegal mandatory minimum sentence under 18 Pa.C.S.A. § 7508 based upon *Alleyne*. Appellant's Brief at 4. He claims that, "[u]nder Pennsylvania law, a challenge to the validity of the sentence is a challenge to its legality" and an illegal sentence claim "can never be waived." *Id.* Appellant avers the PCRA court erred in dismissing his PCRA petition as untimely, because *Alleyne* created a new constitutional right, which is an exception to the PCRA's one-year timing requirement under 42 Pa.C.S.A. § 9545(b). He claims he

presented his claim within 60 days of the subsequent decisions issued by Pennsylvania courts regarding application of **Alleyne**. **Id.**

This Court previously stated:

> [I]t is black-letter law that challenges to the legality of a judgment of sentence cannot be waived. […] While the rule forecloses permanent waiver of legality-of-sentence claims, it does not preclude a court from enforcing procedural rules or jurisdictional limits and requiring such claims be properly presented at the time they are raised in order to obtain review thereof. […W]hen a petitioner files an untimely PCRA petition raising a legality-of-sentence claim, the claim is not waived, but the jurisdictional limits of the PCRA itself render the claim incapable of review.

**Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007) (internal citations omitted).

We previously determined:

> Pennsylvania law makes clear that when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. The period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended. This is to accord finality to the collateral review process. However, an untimely petition may be reviewed when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met.

**Commonwealth v. Miller**, 102 A.3d 988, 992-993 (Pa. Super. 2014) (internal citations, quotations, and brackets omitted).

The PCRA provides, in relevant part, as follows:

### § 9545. Jurisdiction and proceedings

\*          \*          \*

- 5 -

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

Appellant's judgment of sentence became final on February 8, 1994, or 90 days after our Supreme Court denied discretionary review on direct appeal. *See **Commonwealth v. Harris***, 972 A.2d 1196, 1200 (Pa. Super. 2009) ("Judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); ***see also*** U.S.Sup.Ct.R. 13 ("A petition for a writ of certiorari

seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). As such, Appellant's PCRA petitions filed in 2015, over 20 years after his judgment of sentence became final, are patently untimely.

*Alleyne* was decided on June 17, 2013 and Appellant filed his original PCRA petition on March 12, 2014, 272 days after *Alleyne* was decided.[3] Therefore, Appellant has not complied with Section 9545(b)(2).

Moreover, we held in *Miller*:

> [N]either our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.

*Miller*, 102 A.3d at 995. The same holds true here.

Finally, Appellant claims, in his fourth issue above, his conviction for conspiracy was against the weight of the evidence presented at trial.

---

[3] We also note that Appellant did not raise the *Alleyne* issue in his original PCRA petition. Instead, he raised the issue for the first time on May 4, 2015, when he filed a motion with this Court to supplement his original PCRA petition, or 690 days after *Alleyne* was decided.

Appellant's Brief at 4.  As stated above, the PCRA court lacked jurisdiction to entertain the PCRA petitions presented by Appellant.  Moreover, the PCRA

> procedurally bars claims of trial court error, by requiring a petitioner to show the allegation of error is not previously litigated or waived. 42 Pa.C.S.A. §§ 9543(a)(3), 9544. At the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not). ***See Commonwealth v. Spotz****,* 18 A.3d 244, 260–261, 270 (Pa. 2011) (rejecting claims of trial court error as either previously litigated where raised on direct appeal or waived where not raised direct appeal).

***Reyes-Rodriguez***, 111 A.3d at 780.  Hence, Appellant was required to raise this issue on direct appeal.

Based upon all of the foregoing, Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2016