J-S25024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN E. GAERTTNER | |
| Appellant | No. 1178 WDA 2015 |

Appeal from the PCRA Order May 18, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001418-2013
CP-25-CR-0001518-2013
CP-25-CR-0002301-2013

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                     **FILED MAY 23, 2016**

Appellant, John E. Gaerttner, appeals *pro se* from the May 18, 2015 order dismissing, without a hearing, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we are compelled to vacate the PCRA order and remand for further proceedings.

We summarize the pertinent procedural history of this case as follows. On January 8, 2014, Appellant entered guilty pleas pursuant to a plea agreement at three dockets, to wit, driving while operating privilege is suspended (DUI related) at CP-25-CR-0001418-2013, criminal mischief at CP-25-CR-0001518-2013, and conspiracy to commit theft at CP-25-CR-

0002301-2013.[1]  The plea agreement indicated that amounts for restitution claimed at dockets CR-1518-2013 and CR-2301-2013 would be determined at a restitution hearing.  The sentencing and restitution hearings were scheduled for March 26, 2014.  N.T., 1/8/14, at 13-14.  On that day, Appellant failed to appear and the trial court proceeded to sentence Appellant *in abstentia*.  N.T., 3/26/14, at 4.  The trial court imposed an aggregate judgment of sentence of 30 to 60 months' incarceration.  The trial court also received the Commonwealth's evidence in support of restitution and the trial court imposed an obligation for Appellant to pay restitution of $10,400.00 at CR-1518-2013, and $1,500.00 at CR-2301-2013.  Appellant filed a motion for reconsideration of sentence on April 7, 2014, which the trial court denied on April 10, 2014.[2]  Appellant did not file a direct appeal.

On January 16, 2015, Appellant filed a timely first *pro se* PCRA petition.  On January 23, 2015, the PCRA court appointed William J. Hathaway, Esquire, to represent Appellant.  On March 23, 2015, Attorney Hathaway filed a document titled "Supplement to Motion for Post Conviction Relief."  Therein, Attorney Hathaway included a section titled "Partial Statement of No-Merit" and a section titled "Supplemental Statement in

---

[1] 75 Pa.C.S.A. §1543(b)(1)(1.1)(i), Millcreek Township Ordinance §92-36(1), 18 Pa.C.S.A. §§ 3304(a)(5), and 903, respectively.

[2] The 10th day following the judgment of sentence, April 5, 2014, fell on a Saturday.  Accordingly, Appellant's post-sentence motion was timely filed on Monday, April 7, 2014.  *See* 1 Pa.C.S.A. § 1908.

Support of Claim Possessed of Arguable Merit." Supplement to Motion for Post Conviction Relief, 3/23/15, at 4, 5 (pagination added). Attorney Hathaway did not file a motion to withdraw. On April 16, 2015, the PCRA court filed a notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907(1). A final order dismissing Appellant's PCRA petition was entered on May 18, 2015.

Appellant filed a *pro se* notice of appeal on June 5, 2015.[3] The PCRA court did not require Appellant to file a concise statement of errors complained of on appeal under Pennsylvania Rule of Appellate Procedure 1925(b). The PCRA court filed a statement in compliance with Rule 1925(a) wherein it referenced its April 16, 2015 notice of intent to dismiss as containing the reasons for its decision. Counsel has not entered an appearance with this Court and Appellant has filed a *pro se* brief in support of his appeal.

This Court has long held that "a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*), *appeal denied*, 842 A.2d 406

---

[3] The record does not evidence compliance by the clerk of courts with Pennsylvania Rule of Criminal Procedure 576(A)(4), which requires the clerk of courts to time stamp any *pro se* filing by a represented defendant and forward a copy of the same to defendant's attorney and the attorney for the Commonwealth. *See* Pa.R.Crim.P. 576(A)(4). Instantly, Appellant's *pro se* notice of appeal was time-stamped but not forwarded to Attorney Hathaway.

(Pa. 2003). Appellant also is "entitled to a counseled amended petition and representation before the PCRA court." ***Commonwealth v. Figueroa***, 29 A.3d 1177, 1182 (Pa. Super. 2011), *appeal denied*, 46 A.3d 715. Further, "where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011). "[I]n any case where a defendant seeks self-representation in a PCRA proceeding and where counsel has not properly withdrawn, a [***Grazier***[4]] hearing must be held." ***Robinson***, **supra** at 456.

Given the ambiguous and contradictory nature of PCRA counsel's March 23, 2015 "Supplement to Motion for Post Conviction Relief," it is unclear whether it was counsel's intention to withdraw or to file an amended PCRA petition. Because this raises a question of whether Appellant received "a counseled amended petition and representation before the PCRA court," we conclude it is prudent to vacate the May 18, 2015 PCRA dismissal order and remand for further proceedings. **See Figueroa**, **supra**.

Upon remand, the PCRA court shall ascertain the status of Appellant's representation. If Appellant expresses a desire to waive his right to counsel and proceed *pro se*, the PCRA court shall conduct a ***Grazier*** hearing. ***See***

---

[4] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1988) (prescribing the appropriate procedure and colloquy necessary to determine if a defendant's choice to proceed *pro se* is intelligent, knowing, and voluntary).

Pa.R.Crim.P. 121(A). If the *Grazier* waiver standards are met, the PCRA court shall permit Appellant to proceed *pro se*. If Appellant does not express a desire to waive his right to counsel, or the *Grazier* waiver standards are not met, the PCRA court shall ascertain what the intentions of PCRA counsel were when filing his March 23, 2015, partial no-merit letter. The PCRA court will then ensure that either a proper amended PCRA petition, or a no-merit letter and petition to withdraw, in compliance with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) and their progeny, is filed. The PCRA court shall then conduct a hearing, or issue a new Rule 907(1) notice of intent, and proceed accordingly.

For all the foregoing reasons, we vacate the PCRA court's May 18, 2015 order and remand for further proceedings consistent with this memorandum.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2016

- 5 -