J-S69034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
STEFON THOMAS LANDING :
:
Appellant : No. 1066 MDA 2018

Appeal from the PCRA Order Entered June 26, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000854-2015

BEFORE: BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED NOVEMBER 19, 2018**

Stefon Thomas Landing (Appellant) appeals from the order denying his

first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A.

§§ 9541-9546. Because the PCRA court denied Appellant's request to proceed

without appointed counsel and represent himself, without first holding a

hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998),

and Pa.R.Crim.P. 121, we remand this case to the PCRA court for a **Grazier**

hearing.

On October 23, 2015, following a jury trial, Appellant was convicted of

one count each of murder of the third degree, aggravated assault, and

firearms not to be carried without a license.[1] A pre-sentence investigation

report was ordered, and on November 20, 2015, Appellant was sentenced to

_____

[1] 18 Pa.C.S.A. §§ 2502(c), 2702(a)(1), and 6106(a)(1).

an aggregate term of 22½ to 45 years of incarceration. Appellant filed a timely appeal to this Court, which affirmed his judgment of sentence on November 23, 2016. *See Commonwealth v. Landing*, 2101 MDA 2015 (Pa. Super. Nov. 23, 2016) (unpublished memorandum). Appellant filed a petition for allowance of appeal on December 28, 2016, which our Supreme Court denied on June 12, 2017.

On December 4, 2017, Appellant filed the instant PCRA petition. Counsel was appointed and filed an amended PCRA petition January 19, 2018. The Commonwealth filed a response to Appellant's amended petition on February 1, 2018. The PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure on February 16, 2018. In its notice, the PCRA court stated, *inter alia*, that Appellant's petition would be dismissed if Appellant did not respond to the court's notice within 20 days. Appellant did not file a response to the Rule 907 notice. Rather, on May 4, 2018, Appellant filed a *pro se* "Motion for Change of Counsel," seeking to proceed *pro se*, which the PCRA denied without a hearing on May 8, 2018. On June 25, 2018, Appellant filed a *pro se* "Motion to Go Pro Se." On June 26, 2018, the PCRA court formally denied Appellant's PCRA petition. On June 27, 2018, before the PCRA court had an opportunity to rule on Appellant's "Motion to Go Pro Se," Appellant filed a notice of appeal with this Court. Both Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

- 2 -

Appellant presents two related issues for our review:

1. DID THE PCRA COURT ERR BY DENYING PETITIONER'S MAY 4, 2018 MOTION SEEKING TO PROCEED WITHOUT COUNSEL BEFORE CONDUCTING A *GRAZIER* HEARING?

2. DID THE PCRA COURT ERR BY DENYING PETITIONER'S JUNE 25, 2018 MOTION SEEKING TO PROCEED WITHOUT COUNSEL BEFORE CONDUCTING A *GRAZIER* HEARING?

Appellant's Brief at 4.

A PCRA petitioner/appellant has a rule-based right to counsel during the proceedings, at all levels, disposing of a first PCRA petition. *Commonwealth v. Figueroa*, 29 A.3d 1177, 1180 n.6 (Pa. Super. 2011); *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa. Super. 2009) ("Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process."); Pa.R.Crim.P. 904. Pursuant to *Grazier*, "[w]hen a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." *Grazier*, 713 A.2d at 82. A *Grazier* hearing is required before we may adjudicate an appeal even when it is clear from the record that a particular appellant "clearly and unequivocally indicates a desire to represent himself," *Robinson*, 970 A.2d at 459–60, and even when neither of the parties challenges the lack of a hearing. *See Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa. Super. 2011) ("Thus, we hold that where an indigent, first-time PCRA petitioner was

- 3 -

denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand to the PCRA to correct that mistake.").

The right to waive counsel's assistance and continue *pro se* is not automatic however. Rather, only timely and clear requests trigger an inquiry into whether the right is being asserted knowingly and voluntarily. **See** **Grazier**, 713 A.2d at 82 (holding that a Rule 121 colloquy is required only in response to a timely and unequivocal invocation of the right to proceed *pro se*). Thus, the law is well established that "in order to invoke the right of self-representation, the request to proceed *pro se* must be made timely and not for purposes of delay and must be clear and unequivocal." **Commonwealth v. Davido**, 868 A.2d 431, 438 (Pa. 2005), **cert. denied**, 546 U.S. 1020, 126 S.Ct. 660 (2005).

Here, although the timeliness of Appellant's request to proceed *pro se* is questionable, the PCRA court has indicated that it erred when it declined to hold a **Grazier** hearing and has requested that we remand this case for the court to conduct a hearing. **See** PCRA Court Opinion, 8/31/18, at 3. Accordingly, because the PCRA court did not conduct a **Grazier** hearing prior to denying Appellant's PCRA petition, we vacate the PCRA court's June 26, 2018 order, and remand to the PCRA court for a **Grazier** hearing and a subsequent ruling on Appellant's PCRA petition. **See Grazier**, 713 A.2d at 82.

Order vacated. Case remanded. Jurisdiction relinquished.

J-S69034-18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/2018