J-S50006-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOUGLAS YONDALE COCHRAN | : | |
| | : | |
| Appellant | : | No. 1444 WDA 2017 |

Appeal from the PCRA Order September 14, 2017
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000900-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOUGLAS COCHRAN, JR. | : | |
| | : | |
| Appellant | : | No. 1445 WDA 2017 |

Appeal from the PCRA Order September 14, 2017
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000900-2014,
CP-63-CR-0001129-2014

BEFORE: BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.: FILED DECEMBER 27, 2018

In these consolidated appeals, Douglas Yondale Cochran a/k/a Douglas

Cochran, Jr., challenges the PCRA court's September 14, 2017 orders

dismissing his petitions as untimely. We vacate and remand for further

proceedings.

On July 6, 2015, Appellant entered guilty pleas at two criminal action numbers. At docket number 900 of 2014, he pled guilty to third-degree murder, criminal conspiracy, and robbery graded as a first-degree felony. Those offenses stemmed from Appellant's involvement in the March 31, 2014 shooting death of a ten-year-old girl during a burglary at a residence in Washington, Pennsylvania. The single charge leveled at 1129 of 2014, possession with intent to deliver, arose from the circumstance surrounding Appellant's apprehension two days later. When detained by authorities, Appellant possessed 290 stamp bags of heroin, $2,385, and two cell phones. After accepting the two guilty pleas as being intelligently and voluntarily entered, the trial court immediately sentenced Appellant to an aggregate term of twenty-two to fifty years imprisonment. Appellant did not file a direct appeal.

Approximately two years after the sentencing, on September 11, 2017, Appellant filed the instant, patently untimely pro se PCRA petitions.[1] He alleged several grounds for relief, but he neglected to plead an exception to the PCRA's time limitations.[2] As it relates to our disposition of this appeal,

---

[1] Appellant filed identical PCRA petitions at each of the two criminal action numbers.

[2] In order for a petition to be timely under the PCRA, it must be filed within one year of the date when the petitioner's judgment of sentence became final or fall with one of the statutory exceptions to the time-bar. See 42 Pa.C.S. §§ 9545(b)(1) and 9545(b)(1)(i-iii). These exceptions are:

Appellant indicated in the petitions that, despite his lack of financial resources, he declined to request the appointment of counsel. Instead, he elected to "invoke his right to proceed 'in propia persona.'" PCRA Petition, 9/11/17, (unnumbered at 3).

On September 20, 2017, nine days after Appellant filed the pro se petitions, the PCRA court dismissed the petitions summarily. The court orders noted that the petitions were untimely filed and without exception to the time requirements. Significantly, however, the PCRA court not only failed to provide Appellant with twenty-day notice of its intention to dismiss the petitions without hearing as is required pursuant to Pa.R.Crim.P. 907, it also neglected to hold a Grazier[3] hearing and conduct an on-the-record colloquy

_____

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

[3] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

to determine whether Appellant's purported waiver of legal representation was knowing, intelligent, and voluntary.

Appellant filed timely notices of appeal under each of the two criminal docket numbers and identical court-ordered statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), wherein he asserted for the first time that his petition fell within the governmental interference exception to the PCRA time bar. We consolidated the appeals sua sponte, and the PCRA court filed its opinion pursuant to Rule 1925(a). The matter is ripe for our review.

Our standard of review is well settled. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." Commonwealth v. Mitchell, 141 A.3d 1277, 1283-83 (Pa. 2016) (quotation and citation omitted).

At the outset, we must address sua sponte whether Appellant, an indigent, first-time PCRA petitioner, appropriately waived to his right to representation. Commonwealth v. Stossel, 17 A.3d 1286, 1290 (Pa.Super. 2011) ("[T]his Court is required to raise this error sua sponte and remand for the PCRA court to correct that mistake."). Since this is Appellant's first PCRA petition, he has a rule-based right to counsel. See Pa.R.Crim.P. 904; Commonwealth v. Figueroa, 29 A.3d 1177 (Pa.Super. 2011); Commonwealth v. Robinson, 970 A.2d 455, 457 (Pa.Super. 2009) (en banc) ("Pursuant to the rules of criminal procedure and interpretive case law,

a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process."). This holds true even where, as here, the petitions appear facially untimely, unless the defendant elects to proceed pro se. Stossel, supra.

As noted supra, Appellant previously declined to request the appointment of counsel, and the PCRA court accepted that assertion on its face and disposed of the pro se petitions summarily. It was error for the court to rely on Appellant's declaration as a basis to forego a Grazier hearing. Appellant's statement of intention to proceed without counsel does not constitute a knowing waiver of his right to legal representation. In Stossel, supra, we held that the act of checking of a box in a standardized PCRA form that indicated that the petitioner decided to forego appointed counsel did not negate the court's obligation to conduct a Grazier colloquy to determine if the petitioner was knowingly, intelligently, and voluntarily relinquishing his right to counsel. Similarly, in Figueroa, supra at 1181-82, we observed that, an en banc panel of this Court addressed the issue in Robinson, and overruled precedent that had eliminated the Grazier hearing requirement when a petitioner unequivocally expressed his intent to continue pro se and appeared to be adequately representing himself. We recalled the Robinson Court's rationale that, because a first time PCRA petition "may well be the defendant's sole opportunity to seek redress[,]" an on-the-record colloquy is necessary to ascertain whether the petitioner "fully understands the ramifications of a

decision to proceed pro se and the pitfalls associated with his lack of legal training." Figueroa, supra at 1182 (quoting Robinson, at 460). Accordingly, the respective courts in Figueroa, Stossel, and Robinson each vacated the PCRA court order and remanded the matter for a Grazier hearing.[4]

Thus, even though Appellant expressed his commitment to proceed pro se in the case at bar, pursuant to the precedent outlined in Figueroa, Robinson, and Stossel, an on-the-record Grazier colloquy is necessary to ensure that Appellant's purported waiver is knowing, intelligent, and voluntary. Therefore, we vacate the PCRA court's September 14, 2017 orders dismissing Appellant's pro se petitions, and we remand for the court to conduct a Grazier hearing. If Appellant retracts his desire to proceed pro se or it is apparent that his understanding of waiver of counsel is defective, counsel must be appointed and permitted to file an amended PCRA petitions. Alternatively, if, following the appropriate proceedings, Appellant confirms his decision to waive his right to counsel, the PCRA court may, after proper notice required by Rule 907, reinstate the orders dismissing the PCRA petitions, and Appellant may file new appeals.

Orders vacated. Case remanded. Jurisdiction relinquished.

_____

[4] While acknowledging that the typical disposition would be to relinquish jurisdiction, as occurred in Stossel and Robinson, the Figueroa Court elected to retain jurisdiction due to the circumstances of that case. See Commonwealth v. Figueroa, 29 A.3d 1177, 1183 n.8 (Pa.Super. 2011).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/27/2018</u>