J-S16011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMMIE CAMPBELL | : | |
| | : | |
| Appellant | : | No. 1148 EDA 2019 |

Appeal from the PCRA Order Entered March 29, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009469-2008

BEFORE: DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED APRIL 21, 2020**

Appellant, Sammie Campbell, appeals from the March 29, 2019 Order dismissing as meritless his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Because Appellant filed a *pro se* Motion for ***Grazier*** Hearing but the PCRA court failed to hold a such a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), and Pa.R.Crim.P. 121, we vacate the Order and remand this case to the PCRA court for a ***Grazier*** hearing.

The underlying facts are irrelevant to our disposition of this appeal. We note briefly that on January 15, 2013, Appellant entered a negotiated guilty plea to Third-Degree Murder and Aggravated Assault for a 2007 shooting in Philadelphia that left one victim dead and another wounded in the stomach and leg. In accordance with the plea agreement, the court sentenced Appellant to twelve and one-half to twenty-five years' incarceration. Appellant

did not file a post-sentence motion or an appeal from his Judgment of Sentence.

On June 11, 2018, Appellant filed the instant *pro se* PCRA Petition, his first. The PCRA court appointed counsel, who entered his appearance on December 10, 2018. On January 17, 2019, Appellant filed a *pro se* Motion for **Grazier** Hearing requesting to represent himself during his PCRA proceedings. According to the PCRA court, the court did not know that Appellant had filed the Motion, and did not hold a hearing. **See** PCRA Ct. Op., dated 6/21/19, at 1. On February 6, 2019, counsel filed a "no-merit" letter pursuant to **Commonwealth v. Finley**, 544 A.2d 927 (Pa. 1988), requesting that the PCRA court dismiss Appellant's *pro se* PCRA Petition and permit counsel to withdraw from representation. On February 25, 2019, Appellant filed a *pro se* Motion to Respond to **Finley** Letter, in which, *inter alia*, he once again requested to proceed *pro se.* On March 29, 2019, the PCRA court dismissed Appellant's *pro se* PCRA Petition as meritless.

Appellant filed a timely *pro se* Notice of Appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises numerous issues for our review, including: "The PCRA [c]ourt abused its discretion by denying Appellant his constitutional right to proceed [*pro se*] upon a timely request, and never hold a **Grazier** hearing upon Appellant's request, thus committing an abuse of discretion." Appellant's Br. at 5.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

It is well settled that a criminal defendant has a rule-based right to representation of counsel when litigating a first PCRA petition, from the initial filing of the petition through appellate proceedings. *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa. Super. 2009); Pa.R.Crim.P. 904(C). Pursuant to *Grazier*, "[w]hen a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." *Grazier*, 713 A.2d at 82. *See also* Pa.R.Crim.P. 121. A *Grazier* hearing is required even when it is clear from the record that a particular appellant "clearly and unequivocally indicates a desire to represent himself[.]" *Robinson*, 970 A.2d at 459–60. When PCRA court fails to hold a *Grazier* hearing, remand is the appropriate remedy. *Commonwealth v. Figueroa*, 29 A.3d 1177, 1182 (Pa. Super. 2011).

Here, the PCRA court has indicated that it erred when it declined to hold a *Grazier* hearing and has requested that we remand this case for the court

- 3 -

to conduct a hearing. **See** PCRA Ct. Op., dated 6/21/19, at 5. The Commonwealth agrees. **See** Commonwealth Br. at 7-8.

Accordingly, because the PCRA court did not conduct a **Grazier** hearing prior to denying Appellant's PCRA petition, we vacate the PCRA court's March 29, 2019 Order, and remand to the PCRA court for a **Grazier** hearing and a subsequent ruling on Appellant's PCRA Petition. **See Grazier**, 713 A.2d at 82; **Figueroa**, 29 A.3d 1177, 1182.[1]

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/21/2020

---

[1] In light of our disposition, we decline to address Appellant's remaining issues.